## BROWN *vs.* McCRARY.

A sheriff holding several *fi. fas.* against the same defendant, is not excused by a claim interposed against one of them, from proceeding with the rest.

Rule against Sheriff, from Taylor county. Decided by Judge WORRILL, October Term, 1859.

This was a rule against the sheriff on a *fi. fa.* for principal sum of $162 38, besides interest and costs, in favor of William M. Brown, plaintiff, *vs.* John A. Moss, defendant.

In answer to the rule, the sheriff showed for cause that he had had in custody a negro woman named Amanda, the property of defendant in *fi. fa.*; that there had been several other executions in his hands, besides the one above mentioned, and among them, one in favor of J. P. Griffin for the use of William J. Kendrick, against the defendant Moss, for the sum of $125 35, principal, besides interest and cost; that one Sampson Bell had proposed to interpose a claim to said slave in all said cases; and that he, the sheriff, being advised that it was not necessary to enter a levy on more than one *fi. fa.* so as to try the right of property, entered a levy on the *fi. fa.* in favor of Griffin only, when a claim was interposed by Bell, as above proposed, and which claim is still pending and undetermined.

It was admitted further by the sheriff, that since the *fi. fa.* in favor of plaintiff, Brown, had been in his hands, the lot of land number 162, in the 12th district of Taylor county, had been levied on by virtue thereof, and of other *fi. fas.*, and sold for $2,500; and that he had been prevented from selling the other lot levied on by a claim which had been interposed to it, and which had been pending up to that term of the Court. He further answered that he had in hand $195 00, raised by the sale of defendant's personal property, levied on by various executions against him—less $26 34 he paid on a tax execution; the balance of which fund was subject to distribution under the order of the Court.

On hearing the answer, the Court refused to make the rule absolute, and plaintiff's counsel excepted.

BLANDFORD & CRAWFORD, for plaintiff in error.

SMITH & PORE, for defendant.

*By the Court.*—STEPHENS, J., delivering the opinion.

The sheriff ought to have levied on the property and *sold* it, unless a claim had been interposed in *this case*. The adjudication of the claim which was interposed in another case, cannot settle the right of this plaintiff in execution, for two reasons: In the first place, he is not a *party* to that litigation, and, therefore, cannot be bound by the result of it. In the second place, the *merits* of that case may be very different from the merits of a claim in his case. The true issue in a claim case is, whether or not the claimant has such an interest in the property as ought to prevent the plaintiff from selling it. Now the claimant may have an interest which is perfectly adequate to stop one plaintiff, but powerless to stop another. The statute makes the sheriff liable whenever he neglects his duty to the injury of a party. Here are both the neglect of duty and the resulting injury to the plaintiff. Whether he is to be met with a claim in his case or not, he has been delayed in the enforcement of his remedy, and delay is injury.

Judgment reversed.