HYFIELD *v.* SIMS & COMPANY.

Under the act approved October 17th, 1885 (Acts 1885, p. 103), a summons issued from a justice's court, service of which is made before the term at which the defendant is cited to appear but too late to be due service for that term, goes over to the next succeeding term and the latter becomes the appearance term. This act applies to justice's courts, as well as to all other courts of the State. The case of *W. & A. Railroad* v. *Pitts,* 79 *Ga.* 532, was ruled upon the provisions of the code, and decides nothing as the construction or application of the act above mentioned.
February 27, 1893.

Justice's court. Process. Service. Before Judge MADDOX. Floyd superior court. March term, 1892.

Sims & Co. sued Hyfield in a justice's court. The summons was dated March 1, and directed the defendant to appear on March 16, 1888, which was the regular court day. He was served on March 11. No one appeared for either party at the March term, and the justice entered on his docket that "for want of service in time, case goes over to April term." At that term the defendant did not appear, and judgment was rendered against him. To the levy of the execution issued therefrom he interposed an affidavit of illegality, alleging that he never had legal notice of the suit, etc. The court directed a verdict against the illegality.

WRIGHT & HARRIS, for plaintiff in error.

J. F. HILLYER, contra.

SIMMONS, Justice.

The main point argued in this case was, whether the act of October 17th, 1885 (Acts 1885, p. 103), applied to justices' courts. It was contended by counsel for the plaintiff in error that it does not apply, because it uses the word "process," and no process is issued from a justice's court. The word "process," as used in the act, means the writ issued by any court against the defendant, commanding him to appear, etc. It includes a summons from a justice's court, as well as the process attached to the declaration by the clerk in a case brought in the superior court. Anderson's Law Dic., "Process." Thus construing the act, it follows, that when a summons issues from a justice's court, commanding the defendant to appear at a certain time, etc., and service upon the defendant is made too late to render the case returnable at that time, "the service made shall be good for the next succeeding term thereafter, which succeeding term shall be the appearance term." The case of W. & A. R. Co. v. Pitts, 79 Ga. 532, was relied on by counsel for plaintiff in error, to show that in a

justice's court a summons not served in time for the next
term is not good at the next succeeding term thereafter.
The ruling in that case does not conflict with our rul-
ing in this.   The act of 1885 was not under considera-
tion then ; indeed it was not applicable to the facts of
that case.   In that case there was no service at all upon
the railroad company, and no suit against Parrott.   The
return of the constable showed service " upon the de-
fendant Parrott," not as agent of the railroad company,
but as an individual, and no effort was made to amend
the return so as to show that Parrott was agent.   The
case was continued " to perfect service."   This we held
was error, because the justice's court had no power or
authority to continue a case to perfect service.   It was
also held that there being no service upon the railroad
company (the sole defendant) ten days before the ap-
pearance term, the summons fell.    *Judgment affirmed.*