MOSS & COMPANY *v.* STOKELY.

The evidence demanded a verdict for the claimant, and the court did not err in directing the jury to so find.

Argued March 21, — Decided April 20, 1899.

Levy and claim.    Before Judge Reese.    Oglethorpe superior ·court.    April term, 1898.

*John J. Strickland*, for plaintiffs in error.
*Hamilton McWhorter*, contra.

SIMMONS, C. J.    From the record it appears that in January, 1896, Stokely was indebted to a bank in the sum of $150. Arnold indorsed Stokely's note ·to the bank for that amount, and Stokely executed and delivered to Arnold a warranty deed, absolute on its face, to certain land to secure Arnold on his indorsement.    Subsequently, on May 2, 1896, Moss & Co. obtained four judgments against Stokely.    Fi. fas. were issued and levied, on January 16, 1897, on the land conveyed by Stokely to Arnold.    On January 19, 1897, Mrs. Stokely, the wife of the principal on the note, made arrangements with the bank whereby she took up the note on which Arnold was indorser, by paying a part of it in cash and giving her individual note to the bank for the remainder.    Thereupon Arnold, in consideration of his being relieved as indorser, conveyed the land to Mrs. Stokely, and she filed a claim to the land.    On the trial of this claim, these facts being shown, and no point being made or suggested that there was fraud or collusion or that the land was worth more than the $150, the judge directed a verdict for the claimant.    The plaintiffs in execution excepted.

The issue generally to be tried in a claim case is that of title.

Was the title in the defendant in fi. fa. at the time the judg-ment was rendered, or was it in the claimant or some one under whom she claims?  It is clear from the facts in the present case that at the time the judgments were rendered Stokely had no legal title to the land.  The title was in Arnold, and Arnold having conveyed it to Mrs. Stokely for a valuable consideration, she stood in his shoes and could make the same claim to the land that Arnold could have made if he had not conveyed to Mrs. Stokely but had filed a claim to the land.  It is claimed by the plaintiff in error that when Arnold was relieved of his obligation as indorser on the note, by the arrangement made by Mrs. Stokely, his title to the land ceased and reverted to Stokely, and that for that reason the land could be levied upon by Stokely's creditors and subjected to the payment of Stokely's debts.  No authority was cited for this contention by counsel, and we have been unable to find any upon our own research.  We do, however, find that where the owner of land borrowed money and conveyed the land as security for its repayment, the grantee in the conveyance could transfer the note given for the money and convey the land to the transferee, and that the latter then had all the rights and remedies of the assignor of the note and deed for the enforcement of the collection of the debt.  *Hunt* v. *New Eng. Co.*, 92 *Ga.* 720. It is true that in this case Arnold did not transfer any note to Mrs. Stokely, but we do not see that it makes any difference that Mrs. Stokely paid the note on which Arnold was indorser. It seems to us that when she paid that note and relieved Arnold, this was a sufficient and valuable consideration, operating for his benefit, to warrant him in conveying the land to her, there being no fraud or collusion between her and her husband or Arnold, and no suggestion that the arrangement was for the purpose of delaying or defrauding creditors.

Where land has been conveyed by the owner to secure a debt and he has other creditors, sections 5432 et seq. of the Civil Code point out the rights of such creditors and the manner in which those rights are to be enforced.  We do not now decide whether those sections would be applicable in this case, for even if they were, the plaintiffs in error did not proceed,

thereunder. We think that the court properly directed a verdict for the claimant.

> *Judgment affirmed.    All the Justices concurring.*