RAY *v.* ATLANTA BANKING COMPANY.

FISH, J.  1. Where an ordinary claim is filed to property levied upon
under a mortgage fi. fa. against realty, the sole issue is whether the
property is subject or not subject, and under such issue, the plead-
ings being regular upon their face, it is not competent for the claim-
ant to prove that the judgment of foreclosure was for a larger
amount than the mortgagee was entitled to recover from the mort-
gagor, by showing that there was usury in the debt secured by the
mortgage.  See *Lamar* v. *Coleman, Ray & Co.,* 88 *Ga.* 417 (4) ; *Horne*
v. *Powell,* Id. 637.
2. A plaintiff in the trial of a claim under a mortgage execution may

put in evidence the mortgage, the rule absolute, and the fi. fa., without introducing the notes secured by the mortgage, or the petition for foreclosure with entry of service.

3. A rule nisi issued upon a petition to foreclose a mortgage upon realty, service of which is made prior to the term at which the mortgagee is directed to pay the money into court, but too late to be due service for that term, goes over and becomes returnable to the next succeeding term. Civil Code, § 4992; *Hyfield* v. *Sims*, 90 *Ga.* 808; *Stiles* v. *Elliott*, 68 *Ga.* 83.

4. Where a mortgage upon realty recites that it is given to secure the payment of a number of notes, falling due at different dates, and "That if default be made in the payment of any one of said notes and said default should continue for the space of 30 days after such note becomes due, or if [the mortgagor] fails to pay said taxes or assessments within 60 days after same become due and payable, then each of said notes above mentioned shall thereby become due and payable," and when the mortgagor, upon proceedings to foreclose such mortgage, fails to pay the money into court as directed by the rule nisi duly served upon him, and also fails to set up and maintain any defense against the foreclosure of the mortgage, there is, in such case, no issue for trial by jury, and it is the province of the court, upon hearing competent and sufficient evidence, to render judgment for the amount which may be due on such mortgage and to order the mortgaged property sold. Civil Code, §2750. See *Sutton* v. *Gunn*, 86 *Ga.* 652.

5. Where the levy made under a mortgage fi. fa. described the premises as, "The following tract of land situated in the city of Atlanta, being part of land lot No. 85 in the 14th district of Fulton County, known as lots 24 and 25 in the subdivision of the Hill property, each fronting fifty feet on the southwest side of Hill street (should be Hill's avenue), making a total of one hundred feet and extending back southwest eighty-nine feet, being land conveyed by deed of M. B. Chisolm to George Thompson, dated May 13th, 1878, and recorded in Book 'KK,' page 132, Clerk's Office, Fulton Superior Court," it was not erroneous to overrule a motion made by the claimant to dismiss such levy, upon the ground that the mortgage and rule absolute designated the property as fronting on "Hill Street," it appearing that the balance of the description in the levy was exactly as set out in the mortgage and rule absolute. Whether the property described in the levy was the same as that described in the mortgage and the rule absolute was a question of fact and not of law. See *Oates* v. *Brown*, 59 *Ga.* 711; *Conley* v. *Redwine*, 109 *Ga.* 640.

6. That a judgment for costs is entered up against a claimant and the sureties on the claim bond, upon a finding that the property is subject, is not cause for a new trial.

*Judgment affirmed. All the Justices concurring.*

Argued December 14, 1899.—Decided January 30, 1900.

Levy and claim.　Before Judge Lumpkin.　Fulton superior court.　March term, 1899.

*John C. Reed* and *L. R. Ray,* for plaintiff in error.
*Payne & Tye,* contra.