*Oliver & Oliver,* for plaintiff.

*Hitch & Denmark,* for defendant.

---

### MERCER *et al. v.* MORGAN.

LUMPKIN, J. 1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land conveyed. Civil Code (1910), § 3258.

2. Actual possession of land is notice to the world of the right or title of the occupant. Possession of land by the husband with the wife is presumptively his possession, but the presumption may be rebutted. Civil Code (1910), § 4528.

3. A purchaser can not in all cases rely blindly on the presumption of the husband's possession, if there are other facts putting him on inquiry. *Bates* v. *Harris,* 112 *Ga.* 32 (37 S. E. 105).

4. Suit to recover land was brought against a husband and wife, who were both alleged to be in possession, and the defendants answered that the wife alone was in possession. The plaintiff claimed title under a deed from the wife to the husband, a conveyance from the husband to a third person, and one from such third person to the plaintiff. He testified that the husband and wife lived together on the land, and that, before buying, he made inquiries of the wife, and was informed that he could buy it and it would be all right. The wife testified that the plaintiff made no inquiry of her, but informed her that he had bought the place and had come to see her about it; and that she responded that the person to whom she had made the deed had done her "a shabby trick, because they promised it [to me] for a home as long as I lived." *Held,* that under such pleadings, and evidence, it was error to reject testimony of the wife tending to show that she had been in actual possession for about twenty years, and was so at the time the plaintiff bought the land, that the deed was made by her to secure a debt of her

husband, that the amount of it had been tendered to the grantee, and that she never consented for the plaintiff to buy the property from the grantee or any one else.

(a) It is not held that the witness could testify in mere general terms or as to her conclusions, but that she could testify to the facts on the subjects mentioned in the preceding headnote.

5. If a wife made a fee-simple deed to secure a debt of her husband, it would not be declared void as against a bona fide purchaser from the grantee for value and without notice. And this is true although the amount of the debt secured by the deed may have been tendered to the grantee therein before he conveyed the land.

6. It was error to cut off the defendants from seeking to prove their defense, and to direct a verdict for the plaintiff.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 15, 1911.

Complaint for land.   Before Judge Seabrook.   Tattnall superior court.   April 23, 1910.

*W. T. Burkhalter,* for plaintiffs in error.