## PITTS v. COX.

No. 6633.  OCTOBER 9, 1928.

*J. R. Lunsford, Homer Beeland,* and *Dan Beeland,* for plaintiff in error.

*C. W. Foy,* contra.

HINES, J. ■ In the second ground of the amendment to her motion for new trial the claimant alleges that the court erred in charging the jury as follows: "In addition to that, gentlemen, she comes into court and traverses the return made by the officer. She says that the return is incorrect in so far as possession is concerned. She says that possession was at the time in the claimant, Mr. Pitts, and not in the defendant, A. J. Amerson; and that is the issue for you to determine. You understand, as I stated to you, the burden would be upon the claimant in this case to establish those facts by a preponderance of the evidence. The plaintiff denies that, and that is an issue for you to determine." The issue generally to be tried in a claim case is that of title; that is, was the title in the defendant in fi. fa. at the time the judgment was rendered, or was it in the claimant? *Butt* v. *Maddox,* 7 *Ga.* 495, 502; *Brown* v. *McCrary,* 30 *Ga.* 878; *Moss* v. *Stokeley,* 107 *Ga.* 233 (33 S. E. 61); *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264, 269 (33 S. E. 73); *Ray* v. *Atlanta Banking Co.,* 110 *Ga.* 305 (35 S. E. 117). Possession of the defendant at the time of the levy was a relevant fact upon the issue of title vel non in the claimant; but it did not constitute "the issue" to be tried in the case. It follows that the trial judge erred in giving this instruction.

■ In the fourth ground of the amendment to her motion for new trial claimant alleges that the court erred in charging the jury as follows: "The court charges you, gentlemen, that if you find in this case in the first instance that after the making of the deed, the deed from Mrs. Pitts to A. J. Amerson, that the claimant surrendered possession and went out of possession and the premises was not in her possession thereafter, then, gentlemen, your investigation would end, and it would be your duty to return a verdict finding the property subject. As I stated, she says that isn't true. She says that she never surrendered possession. So you look to all of the facts and determine whether that is true; and if you find, gentlemen, that she was in possession, then the plaintiff says that even if she was in possession, that this was a conveyance passing title and not a deed to secure debt. She insists that it was." A

deed absolute upon its face, when accompanied with possession of property, can not be proved, at the instance of the parties, by parol evidence, to be a deed to secure debt, unless fraud in its procurement is the issue to be tried. Civil Code (1910), § 3258. Under this section, a deed absolute on its face can only be shown by parol evidence to have been intended to convey title only for the purpose of securing debt, where the grantee has not been put in possession of the property. *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854); *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881); *Copelin* v. *Williams,* 152 *Ga.* 692 (111 S. E. 186). But where the grantee in an absolute deed conveys to his wife the land thereby conveyed, and she, upon payment of the money loaned by her husband, reconveys the land to the grantor, the title of the latter thus acquired would not be affected by the fact that her deed of reconveyance was an absolute conveyance, and that she had put the grantee in possession. There is nothing in the above section of the Code which will prevent an assignee of the grantee in such deed from treating it as a deed to secure debt, and, upon payment of the money thereby secured, reconveying the land to the grantor. It was therefore error for the trial judge to instruct the jury that if they found that the claimant, after making the deed to the defendant in fi. fa., put him in possession, their investigation should end, and that it would be their duty to return a verdict finding the property subject.

The other assignments of error are without merit. Because of the errors dealt with in the first and second divisions, supra, the judgment of the trial judge refusing a new trial is

*Reversed. All the Justices concur.*