## CLARKE v. PHILLIPS.

No. 16513. FEBRUARY 16, 1949.

*Thomas W. Johnson* and *Ralph R. Williams,* for plaintiff.
*Dickens & Dickens* and *Nelson & Nelson,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) The plaintiff seeks to invoke the aid of equity by his prayer for a decree declaring the defendant to be a trustee ex maleficio, based upon the theory that the deed absolute on its face was actually made to secure a debt, and after its full payment, the defendant held title to the property in trust for the plaintiff, and after the alleged fraudulent sale, he became a trustee ex maleficio holding the plaintiff's share in the proceeds of such sale. The plaintiff now contends that full payment of the alleged loan, together with the interest thereon, constituted a sufficient part performance of the agreement to put title back in him on payment of the loan, to take the case out of the statute of frauds, and parol evidence would therefore be admissible to show the true nature of the instrument. However, this is not a case in which the plaintiff seeks the specific performance of a parol contract for the sale of land, which would come within the exceptions to the statute of frauds (Code § 20-402) upon proof of such alleged part performance. Neither would such remedy be available to him even though his grantee in the absolute deed retained the legal title to the property. But it is a case in which the plaintiff has for a stated cash consideration, made and executed an absolute deed conveying the fee-simple title to his undivided one-fourth remainder interest in the property, and whether he states a cause of action or not must necessarily depend on whether sufficient facts are alleged to authorize the introduction of parol evidence to show that the deed was actually made to secure a debt.

It is a well-recognized principle of law that a deed absolute in form may be shown to have been made to secure a debt, provided the maker remains in possession of the property conveyed. *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075) ; *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881) ; *Simpson* v. *Ray,* 180 *Ga.* 395

(2) (178 S. E. 726); Powell on Actions for Land, § 388. This is true for the reason that under the Code, § 85-408, "Possession of land is notice of whatever right or title the occupant has." But it is provided by the Code, § 67-104, that "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried."

As applied to the allegations of the petition in the instant case, it was alleged that the plaintiff was never in possession, nor entitled to the possession of his undivided remainder interest in the land because of the existence of the life estate. And it was also alleged that, "during the time defendant held plaintiff's property in trust," he sold the timber therefrom, and that in 1948 he sold and conveyed the fee-simple title to the whole property. Construing the allegations of the petition most strongly against the plaintiff, as we are required to do when considering it on general demurrer, it was sufficient to show that at some time subsequent to the date the plaintiff made the absolute deed, the defendant was in possession of the lands, cutting and selling the timber therefrom. Such possession in the grantee being alleged, and there being no allegations that the absolute deed was procured by fraud, parol evidence would be inadmissible to show that the deed was a mortgage only. And it is immaterial that possession was not surrendered or acquired at the time of the execution of the absolute deed. *Durden-Powers Co.* v. *O'Brien*, 165 *Ga.* 728 (142 S. E. 90).

The petition, under the principles of law above announced, was therefore fatally defective in two respects: (1) it is only where the maker of a deed absolute on its face remains in possession of the land conveyed that he can prove by parol evidence that such deed was made to secure a debt, and the petition here affirmatively showed that the grantor was never in possession nor entitled to such possession; and (2) the allegations of the petition were sufficient to show possession in the grantee under the deed in question and there being no allegations of fraud in the procurement of the deed, parol evidence would be inadmissible to show that it was a mortgage only.

776

In view of the foregoing ruling, it becomes unnecessary to determine whether, under all the facts and circumstances, the plaintiff was guilty of laches so as to preclude his recourse to the action sought to be maintained, or barred by the applicable statute of limitations.

Accordingly, the trial judge did not err in his judgment sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*