25293, 25294.   KOUROS v. SEWELL et al.; and vice versa.

Submitted July 15, 1969—Decided September 8, 1969.

488

*E. T. Hendon, Jr.*, for appellant.
*Edward D. Wheeler, Inslee M. Johnson,* for appellees.

NICHOLS, Justice. The general rule is that a bona fide purchaser for value at a judicial sale will be protected although the grantee in a security deed is guilty of fraud and responsible to the grantor for whatever damages he has suffered because of such fraud. See *Garrett v. Crawford,* 128 Ga. 519 (57 SE 792, 119 ASR 398, 11 AC 167); *Mathis v. Blanks,* 212 Ga. 226 (4) (91 SE2d 509). And, as has been frequently held: "Inadequacy of price at a public sale under power will not of itself be a sufficient ground to set aside a sale; yet when it is grossly inadequate and is connected with fraud, mistake, misapprehension, surprise, or other circumstances which tend to bring about such inadequacy, to the injury of parties interested, the sale will be set aside by a court of equity." *Croft v. Sorrell,* 151 Ga. 92 (1) (106 SE 108). In *Smith v. Ga. Loan &c. Co.,* 114 Ga. 189 (39 SE 846), cited as authority in *Croft v. Sorrell,* supra, it was held: "While inadequacy of price at a sheriff's sale will not, of itself, be a sufficient ground to set aside the sale, yet when it is

grossly inadequate and is connected with fraud, mistake, misapprehension, surprise, or other circumstances which tend to bring about such inadequacy, to the injury of parties interested, the sale will be set aside by a court of equity. When, therefore, upon a day of sale counsel for the plaintiff in execution and also the defendant therein requested the sheriff not to expose the property for sale until a certain agreement had been executed by the plaintiff and the defendant, and the sheriff assented to the request, but subsequently, through mistake or misapprehension, sold the property, worth from $2,000 to $3,000, before the agreement was executed and before the parties arrived at the place of sale, for the sum of $40, the inadequacy was so gross as to authorize a court of equity under the circumstances to set it aside. This is true although the purchaser at such sale was not in fault and had no notice of any irregularity, for by purchasing he subjected himself to the power of the court, upon a proper showing, to set aside the sale upon equitable terms." In that case the purchaser had done nothing except bid on and pay the amount of his bid for the property. The mistake was not the fault of the purchaser or the grantee in the security deed but that of the sheriff.

In the present case the testimony was that the value of the property was approximately $25,000 consisting of a 12-room residence with 5 bedrooms, and $3\frac{1}{2}$ baths. There was approximately $8,000 owed on a "first mortgage." Another deed to secure debt, junior to the one to the bank, was also outstanding. Accordingly, the purchase price of $550 was approximately .03% of the only value testified to. This, together with the undisputed evidence that the attorney for the bank informed the plaintiff by letter of a sale date different from the date when the sale took place was sufficient to authorize the verdict setting aside the sale. Inasmuch as the verdict was authorized, the judgment granting the motion of the defendant Sewell for a judgment notwithstanding the verdict was error. The judgment complained of in the cross appeal overruling this same defendant's motion for new trial based on the usual grounds only is affirmed.

*Judgment reversed on main appeal; affirmed on cross appeal. All the Justices concur.*