## 37414. RAY et al. v. BANK OF COVINGTON.

JORDAN, Chief Justice.

On April 29, 1977, the Bank of Covington loaned Fred T. Ray and Ray Dodge, Inc. $60,000 and took back a deed to secure debt to the home of Fred T. Ray and his wife. When, from December, 1978, until March of 1979, Ray and Ray Dodge, Inc. failed to make several monthly loan payments, the bank sought to foreclose on the home. Fred T. Ray and Ray Dodge, Inc., however, filed for bankruptcy and the bankruptcy court stayed the foreclosure under § 362(a) of the Bankruptcy Code. After petitioning for and receiving an order from the bankruptcy granting the bank relief from the stay order, the bank foreclosed on the home under the power of sale in the deed to secure debt and purchased the home as sole bidder at the foreclosure sale. Fred T. Ray and his wife sued for an injunction "forever barring any action by the [Bank] to dispossess the plaintiff's from their house. . . ." The Bank filed a motion for summary judgment which the trial court granted. The Rays appeal. We affirm.

1. The Rays argue that the trial court erred in holding that the Bank's exercise of its power of sale under the deed to secure debt did not violate their rights to procedural due process under the Fourteenth Amendment of the U. S. Constitution.

Specifically, the Rays argue that the statutory authorization of the right to contract for a power of sale under a deed to secure debt (Code Ann. § 67-1501 et seq.), when combined with the state's general regulation of the banking industry's loan making procedures (Title 41A), converts the exercise of such a power of sale into state action.

The present enumeration of error is without merit. *Coffey Enterprises Realty &c. Development, Inc. v. Holmes,* 233 Ga. 937, 938-39 (213 SE2d 882) (1975); Jackson v. Metropolitan Edison Co., 419 U. S. 345 (95 SC 449, 42 LE2d 477) (1974).

2. The Rays argue that the trial court erred in granting the defendant's motion for summary judgment because said grant violates the automatic stay provisions of § 362(a) of the Bankruptcy Code.

The record establishes that the United States Bankruptcy Court of the Northern District of Georgia expressly ordered "that the automatic stay entered in the [Ray Dodge, Inc.] bankruptcy proceeding. . .is vacated as to the [Bank of Covington]. . .to the extent necessary to allow the [Bank] to proceed with and conclude its foreclosures of the [home of Fred Ray and his wife] . . . ." This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 16, 1981 —
REHEARING DENIED JULY 7, 1981.

*Ralph McClelland III,* for appellants.
Fred T. Ray, *pro se.*
Carrie Sue Ray, *pro se.*
*Jerry D. Bouchillon,* for appellee.