S02A1311. BONNER v. NORWEST BANK MINNESOTA, N.A. et al.
(571 SE2d 387)

CARLEY, Justice.

Shortly after the death of her husband in 1990, Gertrude Paige executed a warranty deed conveying a 100-acre tract to herself and her niece, Laura Bonner, thereby creating a joint tenancy with right of survivorship. About that time, Emma and Clifford Phillips (Occupants) became interested in purchasing an acre of the property. They contacted Alvin Paige, the brother of Ms. Paige's deceased husband, to ask him to negotiate with his sister-in-law on their behalf. According to Occupants, an agreement was reached to purchase the acre for

$1000, payable over a nine-month period. In 1991, they sought financing for construction of a house on the property. Mr. Paige attended the closing of the sale and loan, and claimed that he had the authority to execute all documents on behalf of Ms. Paige. He subsequently signed her name and her deceased husband's name to the deed conveying the acre to Occupants. The lender's agent placed a false notary signature on the document, and it was recorded in September of 1991.

On November 26, 1991, Occupants moved onto the property. On a February 1992 visit to the land, Ms. Paige and Ms. Bonner discovered that Occupants were residing there. According to Ms. Bonner, Ms. Paige was surprised and claimed that she did not convey the one-acre parcel. However, no litigation was instituted at that time, and Ms. Paige died in 1994.

In 1998, Occupants refinanced the loan secured by the property and executed a loan deed to Norwest Bank and Ameriquest Mortgage Company (Appellees). After this loan went into default, Appellees foreclosed on the property and acquired title by deed under power of sale in September of 1999. When Ms. Bonner subsequently informed Appellees that she claimed the property, they brought suit and asserted that their title was superior to hers. After conducting a hearing, the trial court granted summary judgment in favor of Appellees, from which order Ms. Bonner brings this appeal.

1. According to Ms. Bonner, a genuine issue of material fact remains as to Occupants' actual knowledge of Mr. Paige's fraud and forgery and, consequently, whether prescriptive title "may be based on [their] possession." OCGA § 44-5-164. However, Appellees are not limited to claiming title based upon Occupants' adverse possession. They are themselves the grantees in the deed which was properly executed after a valid foreclosure sale. That conveyance is not fraudulent or forged, and it is undisputed that Appellees are bona fide purchasers for value. "A grantee in a security deed who acts in good faith stands in the attitude of a bona fide purchaser, and is entitled to the same protection. [Cits.]" *Roop Grocery Co. v. Gentry*, 195 Ga. 736, 745 (1) (25 SE2d 705) (1943).

> Where a purchaser of land from one in possession, who holds a deed thereto that is absolute on its face, has paid the purchase-price and taken possession, parties claiming an equity therein of which the purchaser had no notice are not entitled to have the purchaser's deed canceled.

*Beecher v. Carter*, 189 Ga. 234, hn. 3 (5 SE2d 648) (1939). Thus, Occupants' deed executed by Mr. Paige may be forged and invalid. See *Glass v. Stewart Title Guaranty Co.*, 181 Ga. App. 804, 805 (1) (354

SE2d 187) (1987). However, that is irrelevant here. "The general rule is that a bona fide purchaser for value at a judicial sale will be protected although the grantee in a security deed is guilty of fraud . . . ." *Kouros v. Sewell*, 225 Ga. 487, 488 (169 SE2d 816) (1969). Thus, even assuming that a genuine issue of fact remained as to Occupants' actual knowledge of Mr. Paige's fraud, it is not material to the superiority of Appellees' title to the property in their capacity as bona fide purchasers for value.

2. Because the trial court correctly granted summary judgment in favor of Appellees for the reason discussed in Division 1, all remaining enumerations of error are moot.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Crosby & Associates, David U. Crosby, Matthew D. Crosby*, for appellant.

*McLain & Merritt, William S. Sutton*, for appellees.