## A05A2080. BOWMAN et al. v. CENTURY FUNDING, LTD. et al.
### (627 SE2d 73)

MILLER, Judge.

Willie Bowman and his three sons (the plaintiffs) sued Alton Dubose, Century Funding, Ltd. (Century Funding), and The Community Bank (the Bank) for ejectment and fraud in connection with real property in DeKalb County once owned by Dubose and his sister, Imogene Bowman. The plaintiffs alleged that their Uncle Dubose had fraudulently induced the three sons to sign quitclaim deeds concerning the property, and that Dubose had also induced another relative to file an affidavit of descent to the effect that Imogene Bowman was not married at her death. Century Funding and the Bank moved for summary judgment on the ground that each was a bona fide purchaser without notice of the plaintiffs' claims. The plaintiffs appeal from a grant of the corporate defendants' motion as well as the denial of their own motion for summary judgment against Dubose. Since we find that a question of fact remains as to whether Century Funding and the Bank had notice concerning the identity of Imogene Bowman's heirs, but that no such question remains as to the plaintiffs' claims against Dubose, we affirm in part and reverse in part.

In 1977, Dubose and his sister, Imogene Bowman, acquired a parcel of land in DeKalb County. In February 1998, Imogene's three children — Norris, Stanley, and Kenneth Bowman — executed quitclaim deeds conveying their interest in the land to their uncle Dubose. In July 2000, Dubose conveyed the land by warranty deed to Thomas Whitley and Dorman Lane. In September 2000, Imogene Bowman's apparent sister, Zelma D. Allen, executed and recorded an affidavit of descent to the effect that Imogene had been married "one time," that the name of her spouse was "N/A," and that she had three sons living at the time of her death: Norris, Stanley, and Kenneth Bowman. In March 2001, Whitley and Lane conveyed the property to Century Funding. Century Funding later granted a security interest in the property to the Bank.

On March 19, 2002, the three Bowman brothers and their father Willie Bowman (the plaintiffs) brought this ejectment action against Dubose, Century Funding, and the Bank, alleging that Dubose had obtained the 1998 quitclaim deeds from the brothers by fraud, and asking for a one-half interest in the property, punitive damages, and attorney fees. Century Funding and the Bank timely answered the complaint, but Dubose's response was untimely. The plaintiffs soon propounded a request for admissions by Dubose, but he did not respond.

Century Funding later moved for summary judgment, while the plaintiffs moved for summary judgment against Dubose alone. The trial court granted Century's motion and denied the plaintiffs' motion

on grounds including that Century Funding and the Bank were bona fide purchasers of the property without actual or constructive notice of the plaintiffs' claims. The plaintiffs then moved for reconsideration. After a hearing, the court denied the motion for reconsideration.

On appeal, the plaintiffs argue that the trial court erred in its grant of summary judgment because (1) the Bank failed to file its own motion for summary judgment; (2) issues of material fact remain as to whether Century Funding and the Bank were bona fide purchasers without notice; and (3) no issues of material fact remain concerning the plaintiffs' claims against Dubose.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

1. As a preliminary matter, we note that the Bank conformed to Century Funding's motion for summary judgment at the hearing on that motion. Like Century Funding, the Bank is a successor in interest to the disputed property, and claims that it is a bona fide purchaser without notice. The status of Century Funding and the Bank is the same vis-à-vis the plaintiffs' claims, the plaintiffs had notice of both parties' motions for summary judgment, and the Bank does not object to the entry of summary judgment in its favor. Thus the trial court did not err to the extent that it granted summary judgment to both Century Funding and the Bank. See *Cruce v. Randall*, 245 Ga. 669, 670-671 (266 SE2d 486) (1980).

2. The crux of the plaintiffs' contentions is that Century Funding and the Bank had notice of their claims on the property, and are therefore not entitled to the protections afforded to bona fide purchasers. Specifically, they assert that (a) the defective acknowledgment of the brothers' 1998 quitclaim deeds provided Century Funding and the Bank with sufficient notice of their claims on the property; (b) the recorded affidavit of descent made out by their Aunt Allen gave Century Funding and the Bank sufficient notice of Willie Bowman's claim on the property; and (c) issues of fact remain as to whether Century Funding and the Bank paid a fair market price for the property.

"The general rule is that a bona fide purchaser for value . . . will be protected although the grantee in a security deed is guilty of fraud." (Citation and punctuation omitted.) *Bonner v. Norwest Bank Minnesota*, 275 Ga. 620, 622 (1) (571 SE2d 387) (2002); *Kouros v. Sewell*, 225 Ga. 487, 488 (169 SE2d 816) (1969).

> Where a purchaser of land from one in possession, who holds a deed thereto that is absolute on its face, has paid the

purchase-price and taken possession, parties claiming an equity therein of which the purchaser had no notice are not entitled to have the purchaser's deed canceled.

*Bonner,* supra, 275 Ga. at 621 (1) (quoting *Beecher v. Carter,* 189 Ga. 234, 241 (3) (5 SE2d 648) (1939)). Even assuming that a plaintiff's allegations of fraud are true, such a fraud "is not material to the superiority of [a subsequent grantee's] title to the property in [his] capacity as [a] bona fide purchaser[ ] for value." Id. at 622 (1).

(a) The plaintiffs first allege that the sons' 1998 quitclaim deeds were notarized after they were signed and outside the presence of each son. See OCGA §§ 44-2-14; 44-2-15; 44-2-16 (registrable instrument must be attested or acknowledged in presence of authorized officer). Even assuming that this is true, however, this defect is not apparent from the face of any of the deeds, all of which are signed, witnessed, and notarized. Thus the trial court did not err when it granted summary judgment to the defendants on this issue. See *Bonner,* supra, 275 Ga. at 622 (1) (affirming grant of summary judgment to bona fide purchaser); *Leeds Bldg. Products v. Sears Mtg. Corp.,* 267 Ga. 300, 301-302 (477 SE2d 565) (1996) (defectively acknowledged deed provides effective notice when defect is not apparent on the face of the deed).

(b) The plaintiffs also contend that a question of fact remains concerning notice to the defendants of the plaintiffs' claims. We agree.

This Court has held that an affidavit of descent which does not satisfy the formal requirements of OCGA § 44-2-20 (c) is invalid, and cannot provide notice to a bona fide purchaser. See *Hopkins v. Virginia Highland Assoc.,* 247 Ga. App. 243, 246-249 (1) (541 SE2d 386) (2000) (reversing grant of summary judgment on basis of formal defects in affidavit of descent); *Dollar v. Thompson,* 212 Ga. 831, 834 (96 SE2d 493) (1957) (formal requirements imposed by OCGA § 44-2-20 (c) must be strictly construed); compare *Leeds,* supra, 267 Ga. at 301-302 (affirming grant of summary judgment to bona fide purchaser where defectively acknowledged deed does not show that defect on its face).

Here, the affidavit bears a caption identifying Imogene Bowman as the property owner, refers to the DeKalb County grantor-grantee index, and is properly witnessed and notarized. It also bears the name and mailing address of the person to which it was to be returned. See OCGA §§ 44-2-20 (c); 44-2-14 (b). Since the affidavit complies with these formal requirements, it gave constructive notice to the world of its contents. See *Leeds,* supra, 267 Ga. at 301-302.

The affidavit does not settle the question of the identity of Imogene Bowman's heirs, however. Instead, it sows doubt on that very question when it avers that Imogene was married "ONE time[ ]

as follows[,]" but then bears the letters "N/A," or "not applicable," under the heading "Name of each Husband or Wife." A reasonable person examining this self-contradictory entry concerning the identity of Imogene Bowman's spouse could thus conclude that the document failed in its stated purpose — that is, the specification of "all the heirs at law of [Imogene Bowman]."

Since a question of fact therefore remains as to whether this affidavit afforded Century Funding and the Bank actual or constructive notice of the excluded spouse's claim on the property, we reverse the grant of summary judgment to Century Funding and the Bank as to the claim of Willie Bowman. See *Hopkins*, supra, 247 Ga. App. at 250-251 (reversing summary judgment where question of fact remains as to whether party had notice of easement).

(c) The plaintiffs also allege that Century Funding cannot be considered a bona fide purchaser because it did not pay fair market value for the property. The plaintiffs failed to raise this argument below, however, and have thus waived it on appeal. *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (1) (437 SE2d 827) (1993).

3. Finally, the plaintiffs argue that the trial court erred when it denied their motion for summary judgment against Dubose. As we have held in Division 1, a question of material fact remains as to the claim of Willie Bowman against Century Funding and the Bank. As to the plaintiffs' claims against Dubose, however, Dubose's failure to respond to the plaintiffs' request for admissions had the effect of admitting the matters covered therein. See OCGA § 9-11-36 (a) (2), (b). Dubose also failed to respond to the plaintiffs' summary judgment motion, and thus did not produce any evidence that genuine issues of material fact remain in the case against him. Thus there are no remaining issues for trial as against Dubose, and the trial court erred in denying the plaintiffs' motion for summary judgment in this respect. See *F. P. I. Atlanta v. Price*, 211 Ga. App. 634, 635-636 (2) (440 SE2d 63) (1994) (reversing denial of appellant's summary judgment motion where appellee failed to respond to request for admissions and failed to produce evidence that genuine issues remain for trial).

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 26, 2006 —
RECONSIDERATION DENIED FEBRUARY 9, 2006.

*William H. Arroyo, Paul G. Wersant*, for appellants.

*Andersen, Tate, Mahaffey & McGarity, James C. Joedecke, Jr., R. Matthew Reeves, White, Schuerman, Rhodes & Burson, Donald W. Osborne,* for appellees.