## 1064. McNELIS r. THE STATE.

1. A plaintiff in error possesses no unqualified right to withdraw his writ of error after argument or submission. Whether such a case may be withdrawn is a question which addresses itself to the sound discretion of the court.

2. Although, in a case brought to this court, certain questions have been certified to the Supreme Court, jurisdiction to allow a withdrawal remains in this court. Such power will be exercised, however, with due regard to the fact that the discretion of allowing a withdrawal must be controlled, in part at least, by what has taken place in that court.

Practice. Motion to withdraw the writ of error.

Argued March 31,—Decided June 18, 1908.

. *Salem Dutcher, William K. Miller,* for plaintiff in error.

*John C. Hart, attorney-general, James C. C. Black, Jr., solicitor,* contra.

PER CURIAM. This case was submitted to the Court of Appeals, and the assignments of error being based on constitutional grounds, all the questions made in the record were certified to the Supreme Court for decision. In that court, after these questions had been argued and were pending there for decision, the plaintiff in error filed in this court a motion to withdraw the writ of error. The solicitor of the city court of Richmond county, where the case originated, and the attorney-general, who, by special designation of the Governor, also appeared for the State, opposed the motion, and urged, that the Court of Appeals was without power to entertain the motion at that stage of the proceeding; also, that, if this court had this power, it would be an abuse of discretion to allow the withdrawal of the writ of error. Acting upon this motion this court rendered the following opinion and order which was transmitted to the Supreme Court: "The majority of the judges are of the opinion that this court has full and exclusive jurisdiction to entertain the motion, notwithstanding the pendency of the certified questions in the Supreme Court. Unanimously we are of the opinion that if we have the right to entertain the motion and in the exercise of that right should grant it, the effect would be to end the case root and branch, and to divest the Supreme Court of all power further to consider or decide the questions which have been certified to it. The withdrawal of a writ of error after argument is a matter resting in the discretion of the court; the power to withdraw does not exist as a matter of right. *Green* v.

*Southern Express Co.*, 41 *Ga.* 516; *Cherry* v. *Ware,* 63 *Ga.* 290; *Bank of the State of Georgia* v. *Citizens Bank,* 66 *Ga.* 752; *Glenn* v. *Botts,* 79 *Ga.* 212 (9 S. E. 425). Ordinarily where both parties consent to a withdrawal not altogether untimely, it will be allowed as a matter of course. In other cases the court must exercise a sound discretion dependent largely upon what progress the case has made, the nature of the cause, and other similar considerations. In the case of *Green* v. *Southern Express Co.,* supra, the fact that the court had prepared and was about to deliver its opinion on an important question was considered a sufficient reason for refusing a request to withdraw. In the present case there are no questions to be decided by this court; all have been certified to the Supreme Court. The Justices of that court, and not the Judges of this court, are immediately informed as to the progress that has been made towards the decision of the questions, and are better informed than we are as to the very nature of the questions themselves. We think, therefore, that it would be an act of impropriety for us to allow the writ of error withdrawn, thereby divesting that court of jurisdiction to decide the questions over which they have been called to deliberate, without being informed by that court that there is no reason why the case should not be withdrawn. It is therefore ordered that a copy of this opinion be certified to the Supreme Court, with the request that they inform this court whether there is any reason why we should not allow the writ of error to be withdrawn. If any such reason exists, we will refuse to pass any final order upon the motion until after their decision upon the certified questions shall have been rendered; otherwise that court may return to this court the questions certified, together with the transcript of the record which has been transmitted to them in the case."

Judge Powell separately expressed his views as follows: "Being of the opinion that this court is without jurisdiction to render any final judgment in a case in which we have certified constitutional questions to the Supreme Court, while these questions are pending there for decision, and that a judgment allowing a withdrawal is a final judgment, I am forced to dissent from the preliminary proposition involved in the foregoing opinion and order. I concur in the remainder of the court's action."

Thereupon the Supreme Court passed the following opinion and

order (after reciting the fact of the receipt of the foregoing order of the Court of Appeals) : *"Held*: (1) That, under the above-stated facts, the certified questions and all other parts of the record in said case be returned to the Court of Appeals, in conformity to the request contained in said order. (2) Under the facts above stated, the question as to whether or not plaintiff in error shall be permitted to withdraw the writ of error is a matter for decision by the Court of Appeals, after such record shall have reached said court from this court in accordance with the order of transmission herein granted. (3) In the event that the Court of Appeals does not permit the writ of error to be withdrawn, said court may return such certified questions and other parts of the record to this court, in order that such certified questions as may be necessary for a determination of the case by that court may be decided by this court. If that court allows the writ of error to be withdrawn, no such return will be necessary."

Since the only act of this court in the nature of a request for a return of the questions was the suggestion, contained in our order and opinion recited above, that the Supreme Court might return the certified questions if there was no reason existing within the knowledge and discretion of that court why the case should not be withdrawn, their returning of the questions carries with it the necessary implication that no reason exists within the knowledge or discretion of that court why the case should not be withdrawn. As stated in the former opinion of this court, no questions are pending here. Therefore no reason remains for holding the case in court. It is therefore ordered that the motion to withdraw is granted; and the judgment of the court below stands     *Affirmed.*