*T. F. Harrison, C. H. & R. S. Cohen,* contra.

## 3151.   BURKETT v. DUNLAP.

Where it is made known to the court that a case has been finally settled, after argument, the court has the discretion of proceeding with the decision of the points presented in the record or of dismissing the writ of error.   Ordinarily the latter course will be pursued.

DENIED SEPTEMBER 11, 1911.

*H. F. Strohecker,* for plaintiff in error.

*Ryals, Grace & Anderson,* contra.

POWELL, J.   After this case was argued in this court, counsel for the defendant in error, who had recovered a money judgment in the court below, informed the court that his judgment had been satisfied by voluntary payment.   Counsel for the plaintiff in error has also stated, in a letter written to the clerk, that the information is true.   After a case has been argued in this court, the parties can not as a matter of right, withdraw the matter from the consideration of the court by any action of theirs, but usually, where the plaintiff in error decides to withdraw, or where the point involved has become a moot question by some matter intervening since the suing out of the writ of error, the court will exercise its discretion by not deciding the case.   Cf. *McNelis* v. *State,* 4 *Ga. App.* 419 (61 S. E. 842), and cases therein cited.   Indeed, the court is usually anxious not to decide moot questions, and, if it discovers, even in an informal way, that the case has been settled, will (unless the parties themselves voluntarily give the information, as was done in this case) issue an order requiring the parties, or their counsel, to inform the court as to whether the case has been settled or not. It appearing that this case is settled and that nothing but a moot question now remains for decision, it is ordered that the writ of error be dismissed.                              *Writ of error dismissed.*