## 51560. HERRING v. HERRING.

MARSHALL, Judge.

Appellee filed a garnishment action on February 18, 1975, against her husband, appellant, in the Civil Court of Fulton County for $1,725 for arrears in child support under a 1966 divorce decree. Previously, on February 4, 1975, she had filed a contempt action for nonpayment of the same amount in the Superior Court of Clayton County. After hearing the evidence, the Clayton County court on April 9, 1975, found appellant in contempt to the extent of $958.87 for nonpayment of child support. From this order, appellee filed a timely notice of appeal to the Supreme Court and appellant filed a cross appeal. In July, 1975, appellant filed a cash dissolution bond in the Fulton County garnishment proceedings for $2,004.73. The Fulton County Civil Court ordered that $958.87 be paid from that bond to appellee and the rest returned to appellant. It is from the latter order that appellant appeals, pro se, contending several grounds for reversal. *Held:*

1. Appellee has moved to dismiss the appeal on the ground of mootness pointing out that the order of garnishment has already been paid. While such motion may have merit in an appeal of the contempt citation to the Supreme Court, the motion is without merit here where the only issue is whether the garnishment funds should or should not have been paid.

2. Appellant contends in his first enumeration that the garnishment action should have been dismissed because of the pendency of a former action (the contempt action) under Code § 3-601 and because of res judicata under Code § 3-607. Neither Code §§ 3-601 nor 3-607 applies because both the garnishment and the contempt actions may be pursued simultaneously for the collection or satisfaction of the payments owed under the 1966 divorce judgment. Code § 30-204; *Lipton v. Lipton,* 211 Ga. 442 (1) (86 SE2d 299).

3. Appellant also complains that the trial court erred in denying his motion for continuance to take the deposition of his son who was in detention of police authorities. The evidence sought by such deposition was submitted as exhibits to the appellant's affidavit of illegality of the garnishment proceedings. Because of the amount ordered paid, it is obvious that this evidence was considered by the trial judge in making his award. We find no abuse of discretion nor harmful error. See *Smith v. Davis,* 121 Ga. App. 704 (2) (175 SE2d 28).

4. Appellant also contends that the filing of the notice of appeal and cross appeal from the contempt order was a supersedeas to the garnishment action. It is apparent from appellee's affidavit and bond for garnishment filed in the Fulton County court that the judgment upon which it is based is not the contempt judgment of the Clayton County court, but the 1966 divorce decree, from which there is no appeal pending. There is no supersedeas to the garnishment action.[1]

---

[1]Such a gross oversight by appellant is an indication of his need for legal counsel in understanding the nature and ramifications of these various proceedings. It has resulted in a record that is, at best, incomprehensible, and

5. Nor is CPA § 62 (a) (Code Ann. § 81A-162 (a)), relating to the 10-day delay in the execution of a judgment, applicable to the garnishment proceeding. It is clear that the divorce decree in 1966 is more than 10 days before this 1975 execution.

6. Appellant's final enumeration contends that appellee never proved the validity of the judgment upon which the garnishment was based. Yet he has not shown in the record nor argued in his brief that the presumption of the validity of a lawfully entered judgment of a court of competent jurisdiction has been overcome. Code § 38-114. See *Atlantic C. L. R. Co. v. Gause*, 116 Ga. App. 216 (2) (156 SE2d 476). He also contends that the funds sought were not subject to garnishment. This argument was not supported by any documentary or other proof of the defenses available to the garnishees. The trial court properly rejected this contention.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 5, 1976 — DECIDED FEBRUARY 25, 1976 — REHEARING DENIED MARCH 17, 1976.

William F. Herring, pro se.
*Aynes, Kirby & Williams, Richard R. Kirby,* for appellee.

has detracted from the determination of the real issues of his appeal.