64431. AMERICAN CYANAMID COMPANY v. CARTER et al.

CARLEY, Judge.

Appellee-Porter-Huggins, Inc. (PHI) contracted to perform certain construction work for appellant-American Cyanamid Company (ACC). The contract contained the following indemnification clause: "Subject to the terms and conditions of this contract, [PHI] shall be liable for and protect, defend, indemnify and save [ACC], its officers, directors, and employees harmless against

any and all claims, losses, demands, causes of action and any and all related costs and expenses, of every kind and character suffered by the parties hereto and/or their employees and to the person or property of any other person or corporation, on account of personal injuries or death, or damages to property occurring, growing out of, incidental to, or resulting directly or indirectly from the performance by [PHI] hereunder, whether such loss, damage, injury or liability is contributed to by the negligence of [ACC] or its employees and whether due to imperfections of any material furnished by [ACC], or by premises themselves or any equipment thereon, whether latent or patent, or from other causes whatsoever; except that [PHI] shall have no liability for damages or the costs incident thereto caused by the sole negligence of [ACC]."

Appellee-Carter, an employee of PHI, was injured while working on the ACC construction project. The record establishes that Carter in fact received workers' compensation from PHI, his employer, for his injuries. Mr. and Mrs. Carter subsequently filed suit against ACC, alleging that the proximate cause of Mr. Carter's injuries was the negligence of ACC in several particulars. ACC answered, denying the material allegations of the Carters' complaint. In addition, ACC filed a third-party indemnification action against PHI. The case proceeded to trial before a jury and a verdict for the Carters against ACC was returned in the main action and a verdict for PHI against ACC was returned in the third-party indemnification action.

1. ACC's notice of appeal was from the entry of judgment on both verdicts. However, subsequent to filing its notice of appeal, ACC settled the Carters' claims against it. Pursuant to the post-judgment agreement, the Carters executed a covenant not to sue ACC and ACC delivered a check payable to the Carters in "settlement of general liability claim." As a consequence of the settlement agreement and after oral argument was heard in the instant appeal, the Carters and ACC joined in requesting that this court reverse the judgment for the Carters and order that a new trial be granted solely as to the Carters' claims against ACC. The avowed purpose of the request in this regard is to facilitate the settlement of the case and to end the litigation between the parties. See *E. Fredericks, Inc. v. Felton Beauty Supply Co.,* 62 Ga. App. 649 (9 SE2d 198) (1940); *Padgett v. Padgett,* 64 Ga. App. 263 (13 SE2d 40) (1941). However, unlike *Padgett* and the other cases relied upon, it does not appear that reversing the Carters' judgment would merely serve to "facilitate" a settlement of the case. A final settlement agreement has already been reached, the Carters have received ACC's check and ACC in return has received the Carters' covenant not to sue. Under these circumstances, any possibility of future litigation between the parties, even assuming a

reversal of the judgment for the Carters, is already over and there is accordingly no need to "facilitate" the reaching of a settlement agreement between them. A covenant not to sue "bars the holder of the cause of action from asserting it against the party or parties with whom he has covenanted. [Cit.]" *Brantley v. Briscoe,* 246 Ga. 310, 312 (271 SE2d 356) (1980). Thus, in view of the final settlement agreement, the proper disposition by this court of ACC's appeal from the Carters' judgment is either to reach the merits of that appeal or to dismiss it as moot, the latter course being preferred. "After a case has been argued in this court, the parties can not as a matter of right withdraw the matter from the consideration of the court by any action of theirs, but usually, where the [appellant] decides to withdraw, or where the point involved has become a moot question by some matter intervening since the [filing of the notice of appeal], the court will exercise its discretion by not deciding the case. [Cit.] . . . It appearing that this case is settled [as to the Carters] and that nothing but a moot question now remains for decision, it is ordered that the [appeal] be dismissed [as to that judgment.]" *Burkett v. Dunlap,* 9 Ga. App. 671 (72 SE 65) (1911).

2. We now turn to ACC's appeal from the judgment for PHI on the third-party indemnity claim.

"It is clear that enforcement of indemnity provisions such as the one here in question turns on the issue of negligence, for the only limitation on the indemnitor's [PHI's] liability is where the loss or injury results from the sole negligence of the indemnitee [ACC], [cit.]; or, in other words, if the loss or injury is attributable, even partly, to the negligence of the indemnitor [PHI], the obligation to indemnify arises. [Cit.] Here the burden was on [ACC], the third-party plaintiff . . . to establish . . . that the injury to the plaintiff [Carter] was not the result of its sole negligence or, stated in the affirmative, that the negligence of [PHI], the indemnitor, was somehow involved in the injury." *Charter Builders v. Sims Crane Service,* 150 Ga. App. 100, 101 (256 SE2d 678) (1979). Thus, under the indemnification agreement in the instant case, PHI would be required to indemnify ACC "where the negligence of [PHI], its employees and/or agents resulted in [Mr. Carter's] injury notwithstanding negligence on the part of [ACC], its employees and/or agents. [However, indemnification by PHI would not be required] where only contributory negligence on the part of [Carter, PHI's] employee[,] is shown and no other showing of negligence on [PHI's] part is made." *Binswanger Glass Co. v. Beers Constr. Co.,* 141 Ga. App. 715, 719 (234 SE2d 363) (1977).

Based upon the foregoing, there is no merit in ACC's appeal from the judgment in favor of PHI. Even giving them the broadest

construction possible, the vast majority of the enumerations of error filed by ACC relates only to issues involved in and relevant to the main action: ACC's negligence and Mr. Carter's contributory negligence. For the reasons discussed in Division 1 of this opinion, those issues are now moot. Few, if any, of the enumerations of error relate to the relevant issue with regard to the third-party indemnification action which is whether the negligence of PHI, its employees and/or agents other than Mr. Carter himself, resulted in Mr. Carter's injury *notwithstanding* any negligence on the part of ACC, its employees and/or agents. See *Binswanger Glass Co.,* 141 Ga. App. at 719, supra. Our review of those enumerations of error which even arguably might be construed as addressing evidentiary rulings relating to the issue of negligence on the part of PHI, rather than on the part of ACC or Mr. Carter, demonstrates no error requiring reversal of the judgment for PHI on the indemnity claim. Likewise, the evidence clearly did not demand a finding that Mr. Carter's injury was the result of negligence on the part of PHI, its employees or agents other than Mr. Carter, notwithstanding any negligence on the part of ACC, its employees or agents. " 'Unless no other conclusion is permissible, questions of negligence are matters for jury resolution . . . [Cit.]' [Cit.]" *Charter Builders,* 150 Ga. App. at 102, supra. Accordingly, the judgment for PHI on the third-party indemnity claim is affirmed.

*Appeal dismissed in part and affirmed in part. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 24, 1982 — 

*Fred S. Clark,* for appellant.

*William T. Moore, Jr., Stanley E. Harris, Jr., Dana F. Braun, Stanley Karsman,* for appellees.