A93A2087. DEPARTMENT OF HUMAN RESOURCES
v. CHAMBERS.
(441 SE2d 77)

ANDREWS, Judge.

Pursuant to a divorce decree in which Peggy Lee Chambers was awarded custody of her minor children, the father, Deryle Chambers,

was ordered to pay child support through the Georgia Department of Human Resources (DHR). Mr. Chambers failed to make the required payments, accrued a substantial arrearage, and filed for protection under Chapter 13 of the Federal Bankruptcy Act.

DHR ex rel. Ms. Chambers filed a proof of claim in the bankruptcy action based on the child support arrearage which had accrued prior to the bankruptcy. After Mr. Chambers objected to the proof of claim, the bankruptcy judge entered an order lifting the automatic stay of 11 USC § 362 "for the limited purpose of allowing the Superior Court . . . to conduct [a hearing] . . . to determine the exact amount of pre-petition child support due. . . ." The order further provided that the stay otherwise remained in effect, it being the intention of the bankruptcy court "that the issue of payment, collection or enforcement of the judgment return to this Court for further proceedings." Pursuant to the limited lift of stay, the superior court entered a judgment determining that Mr. Chambers owed $16,395 in pre-petition child support arrearage. However, in addition to determining the amount owed, the superior court also ordered that Mr. Chambers pay $4,600 of the arrearage under the Chapter 13 plan at not less than $90 per month; that $11,795 of the arrearage be paid outside of the plan at the rate of $325 per month, but that payment of this amount be delayed until one of the parties' two children residing with Ms. Chambers reached the age of 18, at which time interest would begin to accrue on the unpaid amount. The superior court further ordered that "[t]o the extent that Mr. Chambers complies with the terms of this order, then [Ms. Chambers] shall not commence any further contempt citations, attachments, garnishments, or other collection actions. This would include that [Ms. Chambers] would not apply for an abandonment warrant unless no payment has been made within thirty days of the time she wants to take the warrant."

We granted the application of DHR ex rel. Ms. Chambers for a discretionary appeal from the order of the superior court. DHR claims the superior court erred by: (1) ordering Ms. Chambers not to initiate any other enforcement or collection actions for child support; (2) ordering the postponement of arrearage payment until after a child reached the age of 18; and (3) ordering that interest accrue on the postponed arrearage only after a child reached age 18.

1. We first address whether or not the issues in this appeal have been rendered moot. The record reflects that after the notice of appeal was filed in this case, the trial court entered an order consented to by the parties which amended the payment terms of the previous court order from which this appeal was taken, and purported to settle the child support dispute between the parties. "The filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent pro-

ceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 529 (258 SE2d 139) (1979). A trial court is empowered to dismiss a notice of appeal where the questions presented have become moot, but this was not done in conjunction with the consent order. See *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (357 SE2d 142) (1987).

Despite the ineffectiveness of the agreement as a court order, the parties clearly agreed to settlement terms rendering the issues in this appeal moot. Though technically the terms are contrary to the previous existing court order, they are obviously not contrary to the terms the trial court and the parties intended to incorporate in a valid consent order, nor do they constitute a consent by Ms. Chambers to a reduction, remission or other relief of the father's child support payments in violation of the trust imposed on her to see that court ordered child support is applied solely for the benefit of her children. *Stewart v. Stewart*, 217 Ga. 509, 510 (123 SE2d 547) (1962); *Law Office of Tony Center v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988). Nevertheless, Ms. Chambers argues that the appeal is not moot because the consent order was without effect, while Mr. Chambers contends otherwise. Despite their previous agreement to settle the case on the terms in the consent order, the consent order is not a binding court order, and there remains the possibility of future litigation between the parties over the issues raised in the appeal. Compare *American Cyanamid Co. v. Carter*, 164 Ga. App. 538, 539-540 (298 SE2d 276) (1982). Accordingly, we conclude the appeal is not moot.

2. Initially, we note the superior court order, to the extent it did more than determine the amount of child support arrearage under the limited lift of stay, may have exceeded the jurisdiction of the superior court in violation of the automatic stay provisions of 11 USC § 362. *Carver v. Carver*, 954 F2d 1573, 1576 (11th Cir. 1992); *Banks v. Wells*, 256 Ga. 164 (344 SE2d 652) (1986). "Under 28 U.S.C. § 1334 (d), the federal district court [acting through the bankruptcy court] has exclusive jurisdiction over all the debtor's property as of the date of filing in bankruptcy [court] and over all property of the estate." *Carver*, supra at 1577. In a Chapter 13 proceeding this includes the debtor's property at the commencement of the case, and property and earnings the debtor acquires after filing and before disposition of the case. Id. at 1577. Even as to child support, a non-dischargeable debt, the exception from the stay in 11 USC § 362 (b) (2) for the collection of child support applies only to property that is not property of the estate. Id. at 1577. However, a party may obtain relief from the stay under 11 USC § 362 (d).

The order of the superior court prohibiting various alternative attempts by Ms. Chambers to collect the child support appears to pro-

hibit some actions which would be void in any event under the automatic stay while the Chapter 13 plan is pending. Nevertheless, since a creditor is entitled to obtain relief from the automatic stay, the superior court's order would prohibit these actions even if relief from the stay was granted during the bankruptcy. Also, under a Chapter 13 plan, post-petition earnings of the debtor not devoted to plan payment may not constitute post-confirmation property of the estate protected by the automatic stay. *In re McKnight*, 136 B.R. 891, 894 (Bkrtcy.S.D.Ga. 1992); *In re Henry*, 143 B.R. 811, 814 (Bkrtcy.W.D.Pa. 1992). Moreover, even the bankruptcy stay provisions do not prohibit pursuing criminal sanctions against a debtor such as abandonment or criminal contempt for failure to obey a court order. *In re Bible*, 110 B.R. 1002, 1005 (Bkrtcy.S.D.Ga. 1990); *Ward v. Ward*, 261 Ga. 659 (409 SE2d 518) (1991). Thus, even assuming the superior court order is at least partially void as a violation of the automatic stay, it has a continuing practical effect on Ms. Chambers' rights relating to child support.

Contrary to the superior court's order, various remedies for enforcement and collection of a child support order, including contempt, execution by writ of fi. fa., and garnishment, may generally be pursued either singly or concurrently. *Brookins v. Brookins*, 257 Ga. 205, 207 (357 SE2d 77) (1987); *Herring v. Herring*, 138 Ga. App. 145, 146 (225 SE2d 697) (1976); *Bautz v. Best*, 170 Ga. App. 219, 220 (316 SE2d 589) (1984). The superior court erroneously curtailed Ms. Chambers' rights to pursue various collection or other enforcement actions for child support. The court also erred by ordering postponement of payment on the child support arrearage until a child reached the age of 18. "[M]inor children are entitled to support during their minority." (Citations and punctuation omitted.) *Conley v. Conley*, 259 Ga. 68, 70 (377 SE2d 663) (1989). However, as to the court's ruling on postponement of interest, we find no error. The rule has been stated in contempt proceedings for failure to make child support payments that "the court is vested with discretion in determining whether interest should be added to the arrearages found to be due." (Citation and punctuation omitted.) *Leroux v. Avera*, 192 Ga. App. 210 (384 SE2d 274) (1989).

*Judgment affirmed in part and reversed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 28, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Cynthia H. Frank, Staff Attorney, Charles E. Clark*, for ap-

pellant.

*McFarland & Associates, Robert P. McFarland,* for appellee.