## S05A0730. SMITH et al. v. LAYMON et al.

(620 SE2d 796)

BENHAM, Justice.

This appeal is from a judgment declaring appellees Richard and Teresa Ann Laymon to have title to a small strip of land formerly part of a larger tract owned by Altamond Williams. In September 1999, the Laymons recorded a deed executed in their favor by Williams. The Williams-Laymons conveyance took place during the pendency of litigation between Williams and appellants Melvin Smith and Richard and Margie Sharpe concerning the ownership of the larger tract and after a notice of lis pendens was filed in that action. The Williams-Smith/Sharpe litigation concluded in 2001 with the issuance of a final judgment decreeing that Williams owned fee simple title to the larger tract of land which contained the strip of land Williams had conveyed to the Laymons. The final judgment also contained a provision declaring null and void "any deed of record inconsistent with the decrees of title executed pursuant to the judgment and order of this Court. . . ." Filed with the final judgment was a stipulation and agreement executed by the attorneys involved in the Williams-Smith/Sharpe litigation by which Smith and the Sharpes were given an option and right to purchase within 30 days the tract to which fee simple title had been awarded Williams. Smith and the Sharpes exercised that option and Williams executed a warranty deed conveying a one-half undivided interest in the larger tract to the Sharpes and a one-half undivided interest in the larger tract to Smith. That deed was recorded in July 2001. The Laymons subsequently filed the present action seeking a judgment declaring their title to the strip of land and an order restraining appellants from cutting the timber on the strip. Both sides filed motions for summary judgment. Citing *Dillard v. Brannan*, 217 Ga. 179 (2) (121 SE2d 768) (1961), and *Guy v. Poss*, 212 Ga. 724 (1) (95 SE2d 682) (1956), the trial court granted summary judgment to the Laymons, holding that Williams's after-acquired title immediately vested in the Laymons under the earlier deed to them.

1. Appellants' first four enumerations of error address different aspects of the trial court's judgment, but all depend on appellants' contention that the judgment issued in the Williams-Smith/Sharpe action rendered the earlier deed to the Laymons void. The language on which appellants rely is the provision quoted above voiding any deed inconsistent with the decrees of title executed pursuant to the judgment in the action to settle title. However, appellants' construction of the judgment gives no effect to the key word in that provision, "inconsistent." The judgment did not, contrary to appellants' argument, render void all deeds predating the decree of title, but only those deeds which were inconsistent with the decree of title to

Williams. Unfortunately for appellants, the deed to the Laymons is not inconsistent with the award of title to Williams. On the contrary, the deed to the Laymons relies for its validity on the decree and on the principle of after-acquired title.

"If a vendor conveys land by deed to his vendee before he has title himself, and afterwards the vendor acquires title, his subsequent title inures to the benefit of the vendee, and a complete title is vested in the vendee the moment the vendor acquires it. [Cits.]" *Donalson v. Yeates*, 173 Ga. 30, 31, hn. 7 (159 SE 856) (1931). Under this principle, at the moment the trial court entered its order decreeing title to the larger tract in Williams, title to the portion of that tract described in the deed from Williams to the Laymons vested in the Laymons. Thus, the 1999 conveyance by Williams to the Laymons was consistent with the award of title to Williams in the action to settle title and was not voided by the judgment in that case. That being so, appellants' enumerations of error based on an assertion that the judgment in the action to settle title voided the deed to the Laymons are without merit.

2. Appellants' remaining enumerations of error are based on misunderstandings of the judgment below and an issue not litigated below. The complaint that the trial court based its ruling on a statement that it would be unjust for Smith to get the property[1] and on a holding that appellants claim ownership under a warranty deed from the same grantor as appellees is inaccurate. The trial court mentioned those matters, but based its judgment on the principle of after-acquired title and the award of title to Williams in the action to settle title. Likewise, appellants' argument that the Laymons' deed is invalid because they were on notice that Williams' title was defective because Smith lacked authority to make the deeds dividing the larger tract misses the point on which the trial court decided the case: the Laymons' deed became valid only after the trial court awarded title to Williams in the action to settle title, an award based not on the chain of title initiated by Smith's deed, but on adverse possession under color of title. Finally, appellants' argument that the deed from Williams to the Laymons actually conveyed only an easement was not litigated below and is not, therefore, properly before this Court. " 'Issues never raised at trial will not be considered for the first time on appeal. [Cit.]' " *Coweta County v. City of Senoia*, 275 Ga. 707, 709 (4) (573 SE2d 21) (2002).

*Judgment affirmed. All the Justices concur.*

---

[1] The confusion which led to the litigation between Smith and, among others, Williams and the Sharpes, arose from deeds issued by Smith purporting to act as executor of his grandfather's estate. In fact, he was never executor of his grandfather's estate and the property belonged to his grandmother instead of his grandfather.

DECIDED OCTOBER 3, 2005 —
RECONSIDERATION DENIED NOVEMBER 7, 2005.
Title to land. Tattnall Superior Court. Before Judge Cavender.
*Dubberly & McGovern, Bruce D. Dubberly, Jr.*, for appellants.
*McCullough & Swindell, Hugh J. McCullough*, for appellees.