A07A0155. LOCKE'S GRAPHIC & VINYL SIGNS, INC.
v. CITICORP VENDOR FINANCE, INC.
(648 SE2d 156)

MIKELL, Judge.

Citicorp Vendor Finance, Inc. ("Citicorp"), sued Locke's Graphic & Vinyl Signs, Inc. ("Locke"), for breach of an equipment lease for a graphic printer. The trial court granted summary judgment in favor of Citicorp and awarded it $69,643.88 in damages, interest and attorney fees. Locke appeals, alleging that the evidence was insufficient to support the judgment. We disagree and affirm.

1. As Locke did not obtain this Court's permission before filing a supplemental brief, we have not considered the matters addressed in that brief.[1] Even if Locke had obtained permission, we would not consider the evidence attached to that brief. "A brief cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party."[2]

---

[1] Court of Appeals Rule 27. See *Overton v. State*, 270 Ga. App. 285, 288 (1) (606 SE2d 306) (2004).

[2] (Citation omitted.) *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 519 (5) (507 SE2d 156) (1998). See Court of Appeals Rule 24 (g).

2. Locke contends that the trial court erred in granting summary judgment because (a) the affidavit of Citicorp's valuation expert was deficient, and (b) the equipment was defective from the date of delivery.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[3]

So viewed, the evidence shows that on November 26, 2002, Locke entered into an equipment lease agreement (the "Lease") with Citicorp for a Xerox format printer. The Lease was a finance lease under Article 2A of the Uniform Commercial Code. Locke negotiated the terms of the Lease with Digital Document System ("DDS"), through its account executive, Jason Anderson, the brother-in-law of Locke's owner. Citicorp's role was as finance lessor, wherein it purchased the printer for Locke as a way of extending credit based upon Locke's dealings with DDS. At the time it executed the Lease, Locke also signed an equipment and delivery acceptance receipt, acknowledging that the printer had been delivered and installed satisfactorily.

Pursuant to the Lease, Locke was required to make 60 consecutive monthly payments in the amount of $772 each, plus applicable taxes, commencing on December 6, 2002. The Lease further provides that "[Locke's] obligations shall be absolute and unconditional without any abatement, set-off, defense or claim for any reason whatsoever." The Lease disclaims all warranties, states that the printer is being rented to Locke and provides that "[Locke's] confirmation . . . by telephone or other means of the delivery of the [printer] shall constitute your acknowledgment that you have inspected the [printer], have found it to be satisfactory in all respects and that you accept the [printer]." The Lease contains a merger clause and provides that "NEITHER [THE] SUPPLIER NOR ANY AGENT OF SUPPLIER IS AN AGENT OF LESSOR OR IS AUTHORIZED TO WAIVE OR MODIFY ANY TERM OR CONDITION OF THIS LEASE."

Anderson averred that the printer did not work at the time it was delivered and that DDS agreed to give Locke a 90-day trial period

---

[3] (Citations and punctuation omitted.) *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

once the machine "was up and operating."[4] When Locke received a rental bill from Citicorp, Anderson's boss at DDS stated that he would "take care of it." When Anderson left DDS in December 2002, the printer still did not work.

Locke made 12 of 60 rental payments and then defaulted. Citicorp filed suit on July 19, 2004. Locke filed an answer and counterclaim, alleging breach of contract, fraud and misrepresentation, and a third-party complaint against DDS. The third-party complaint alleged that DDS had agreed to give Locke a 90-day trial period, after which it could elect to return the printer at no additional liability or keep the printer and enter into a lease agreement. Shortly after Locke filed its third-party complaint, Citicorp moved for summary judgment, attaching in support the affidavit of Robert Flynn, a litigation specialist for Citicorp, which avers that the total principal balance due on the Lease is $44,848.81, consisting of the total owed for present payments due ($15,694.76) and the total due for the 29 future accelerated payments, plus tax thereon, and the anticipated value of the printer, all discounted at the rate of 6 percent per year ($29,154.04), as provided under the terms of the Lease. Locke's response to the motion merely provided that genuine issues of material fact remain and attached Anderson's affidavit.

(a) Locke contends for the first time on appeal that Citicorp is not entitled to summary judgment because there is no proof of the specific anticipated value of the printer at the end of Lease. Locke claims that Flynn is not qualified to give a valuation opinion. An argument not raised in the trial court is waived and cannot be raised for the first time on appeal.[5]

(b) Locke further contends that a question of fact remains as to whether the printer was satisfactorily delivered and installed. Though Citicorp contends otherwise, Locke adequately raised this issue below in its statement of material facts and Anderson's affidavit. However, the argument fails. Locke rented the equipment "as is," acknowledged that it was satisfactory, and executed an equipment and delivery acceptance receipt, acknowledging that the printer had been delivered and installed satisfactorily.[6] Whether or not *DDS*

---

[4] Locke's "statement of material facts as to which there exist a genuine issue to be tried" alleges that Anderson was a dual agent for DDS and Citicorp and induced Locke to sign the Lease on behalf of DDS and Citicorp; that DDS promised a 90-day trial period; and that DDS was acting as a dual agent when it made that promise. However, the only evidence offered by Locke, Anderson's affidavit, makes no mention of Citicorp or any agency relationship.

[5] See *Smith v. Laymon*, 279 Ga. 823, 824 (2) (620 SE2d 796) (2005); *Bowman v. Century Funding, Ltd.*, 277 Ga. App. 540, 543 (2) (c) (627 SE2d 73) (2006).

[6] See, e.g., *Colonial Pacific Leasing Corp. v. McNatt*, 268 Ga. 265, 269-270 (2) (486 SE2d 804) (1997). Unlike the lessee in *Colonial Pacific*, Locke has not pointed to any evidence of fraud or even mentioned fraud in its brief to this Court.

*knew* that the printer never worked correctly has no bearing on Locke's obligation to Citicorp under the Lease, nor does Locke argue on appeal that DDS was acting as Citicorp's agent in providing a 90-day trial period.[7] Accordingly, the trial court properly granted summary judgment to Citicorp.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 14, 2007.

*Joseph E. Willard, Jr.*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, R. Michael Thompson, Lisa A. Frank, Hatcher, Johnson & Wilderkehr, Ross L. Hatcher III*, for appellee.

---

[7] See, e.g., *Woods v. Advanta Leasing Corp.*, 201 Ga. App. 844, 844-845 (1) (412 SE2d 607) (1991); *Petroziello v. U. S. Leasing Corp. &c.*, 176 Ga. App. 858 (338 SE2d 63) (1985).