**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 22, 2012

# In the Court of Appeals of Georgia

A12A0290. MORGAN v. BUNZENDAHL.

BARNES, Presiding Judge.

We granted James Morgan's application for discretionary review to consider whether the pre-existing child support obligations of a parent who ultimately wins a downward modification due to involuntary adversity continue to accrue while that parent's modification action is pending. We conclude that, when calculating back child support related to a contempt citation, that portion of the obligation attributable to lost income did not continue to accrue after Morgan served his modification petition on the custodial parent. Accordingly, we vacate the trial court's order and judgment and remand for further proceedings.

Morgan and Georgia Bunzendahl, who were never married, have a child who was born in January 1993.[1] In 1998, Morgan was ordered to pay Bunzendahl child support in the amount of $217.41 per month, and in 2006 the parties agreed to a temporary modification of $500 per month. In 2007, the trial court granted Bunzendahl's petition for increased child support and ordered Morgan to pay $632 per month. In October 2009, the trial court found Morgan in willful contempt for failing to pay child support and $6,364 in arrears. The court awarded Bunzendahl $750 in attorney fees.

In February 2010, the trial court again found Morgan in contempt for failing to make any payments on his obligation since the previous contempt and found that he owed Bunzendahl $10,392, which included another attorney fee award of $750. The court ordered Morgan incarcerated until he purged himself by paying $5,000, $4,500 to be allocated to back support and $500 to attorney fees, with the remaining arrearage to be paid at a monthly rate.

In April 2010, Morgan filed a petition to modify his visitation rights and child support obligation, citing recent financial setbacks in his construction business. In

---

[1] The child is now an adult and Morgan is no longer obliged to pay child support.

April 2011, the trial court granted the petition, finding that Morgan had experienced a substantial involuntary reduction in his income. Accordingly, the court modified its 2007 order and reduced Morgan's support obligation to $223 per month, beginning May 1, 2011 and continuing until the child became 18 and graduated high school. The court denied Morgan's request to make this reduction retroactive to the date Morgan served his modification petition on Bunzendahl, noting that while OCGA § 19-6-15 (j) appears to allow a retroactive modification, the Supreme Court's decision in *Galvin v. Galvin*, 288 Ga. 125, 126 (1) (702 SE2d 155) (2010), appeared to foreclose it. The trial court also found Morgan in contempt for failing to pay accrued obligations, but found mitigating circumstances. The court held that Morgan's total arrearage was $14,140 as of April 19, 2011, and ordered him to pay $250 per month beginning June 2011 and continuing each month until the debt was paid in full.

1. Morgan argues that the court in *Galvin* misapplied the law and should be overruled. This court, of course, cannot overrule a decision of the Georgia Supreme Court.

2. Morgan also contends that the trial court erred in its application of *Galvin* to these facts, and we agree. OCGA § 19-6-15 (j) (1) provides that

3

[i]n the event a parent suffers an involuntary termination of employment, has an extended involuntary loss of average weekly hours, is involved in an organized strike, incurs a loss of health, or similar involuntary adversity resulting in a loss of income of 25 percent or more, *then the portion of the child support attributable to lost income shall not accrue from the date of the service of the petition for modification*, provided that service is made on the other parent.

(Emphasis supplied.) In *Galvin*, the Supreme Court interpreted this provision as follows:

Contrary to the father's assertion, OCGA § 19-6-15 (j) does not make a downward modification of child support retroactive. The statute is not applicable to an action in which nothing but modification of child support is sought. Rather, the statute provides that child support due before entry of the modification order (and presumably not paid in full due to the obligor spouse's "involuntary adversity") does not accrue, to the extent the child support obligation is based upon the parent's income from employment from which the parent has been involuntarily terminated.

288 Ga. at 126 (1).

Consistent with the Supreme Court's ruling, the statute does not provide that the modification itself is "retroactive," and if the trial court only determines that the support payment should be modified, OCGA § 19-6-15 (j) is inapplicable because the

4

trial court determines only how much the petitioner will owe each month from that day forward. The court does not determine in a modification petition whether and how much the petitioner is in arrears on his child support payments.

In contrast, the trial court calculates past-due child support when it considers a contempt petition, and under OCGA § 19-6-15 (j), the child support obligation of a parent facing involuntary adversity "shall not accrue" from the date of service of the modification petition.

The court in *Galvin* did not address the amount of arrearage a non-custodial parent would accrue under the statute after having been found to suffer an involuntary loss of income. OCGA § 19-6-15 (j) thus applies in this case to foreclose the accrual of that portion of child support attributable to his involuntary loss of income. We conclude, therefore, that the trial court erred in holding that Morgan's child support obligation continued to accrue at the same rate after Bunzendahl was served with his petition.

Because the trial court's modification of support from $632 to $223 per month was based on its financial calculations as of its order date, the court did not specifically determine what portion of the support was attributable to involuntarily lost income between the date of service and the entry of the order. Accordingly, we

5

vacate the order and judgment and remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment vacated and case remanded for further proceedings. Adams, J., concurs. McFadden, J., concurs in judgment only.*

A12A0290.  MORGAN v. BUNZENDAHL.

MCFADDEN, Judge, concurring in the judgment only.

I am inclined to read our Supreme Court's decision in *Galvin*, supra, to hold that OCGA § 19-6-15 (j) is applicable only to modification actions in which the movant has made the showing and sought the relief specified in that subsection and to find that Thomas Galvin had not done so.  But I am in doubt.

Because I concur in the judgment only, our decision today is not binding on the trial courts.  Ct. App. R. 33 (a).  I respectfully suggest that this issue merits further consideration by our Supreme Court.