S12F1078. ELDRIDGE v. ELDRIDGE.
(732 SE2d 411)

HUNSTEIN, Chief Justice.

Appellant Jill E. Eldridge (Wife) filed for divorce from appellee Joshua R. C. Eldridge (Husband) after more than seven years of marriage. Following a bench trial, the trial court issued a final judgment and decree of divorce (the "decree"), in which it granted joint legal custody of the couple's two children to both parents and primary physical custody to Wife; ordered Husband to pay $1,379 per month in child support; assigned to Wife responsibility for her student loans; and adopted its own parenting plan. We granted Wife's application for discretionary review pursuant to this Court's Rule 34 (4). We conclude that the trial court erred (1) in its determination of child support by failing to make mandatory written findings in granting a deviation and in applying an incorrect conversion factor in calculating Wife's monthly child care costs and (2) in adopting a parenting plan that fails to specify when Husband's weekend visitation begins and ends. Accordingly, we affirm in part, reverse in part, and remand with direction.

1. Wife argues that the trial court improperly attributed to Husband a gross monthly income of $5,491.04 in determining his child support obligations. "In the appellate review of a bench trial,

this Court will not set aside the trial court's factual findings unless they are clearly erroneous," and "[s]ince the clearly erroneous test is the same as the any evidence rule, we will not disturb factfindings of the trial court if there is any evidence to sustain them." (Citation and punctuation omitted.) *Patel v. Patel*, 285 Ga. 391, 391-392 (1) (677 SE2d 114) (2009).

Husband testified at trial that he was employed by the United States Navy, and his Leave and Earnings Statement for January 2011 was admitted into evidence reflecting gross monthly compensation of $5,816.04, which included $325 in career sea pay. On cross-examination, Husband stated that his compensation had not changed since January but that he would not receive sea pay after a planned transfer to Groton, Connecticut. He further testified that he might lose his housing allowance following his transfer if he were housed in the barracks because he was now single. At the conclusion of the trial, the trial court agreed to hold the evidence open so that Husband could submit documentation, to the extent available, regarding his expected housing allowance in Connecticut and Wife could submit documentation of child care expenses claimed in her financial affidavit. Husband did not submit documentation regarding his future income.

Wife first maintains that the trial court erred in calculating Husband's gross monthly income despite his failure to verify his compensation following his transfer to Connecticut. Even assuming that Husband could have submitted documentation regarding his future housing allowance, Husband's testimony and his earnings statement provided ample evidence to support the trial court's calculation of his gross income.

Wife further contends that the trial court erred by failing to include Husband's sea pay in his monthly gross income. Husband testified that sea pay is a form of incentive pay. The child support guidelines provide that "[e]xcept as determined by the court or jury, special pay or incentive pay . . . shall not be considered income for purpose of determining gross income." OCGA § 19-6-15 (f) (1) (E). In light of the statute, Husband's explanation of sea pay, and his testimony that he would not receive sea pay following his relocation, the trial court did not err in excluding sea pay in calculating Husband's gross income.

2. Wife contends that the trial court erred because the decree ordered four "deviations" under the child support guidelines without including written findings required by OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B).

(a) A deviation is "an increase or decrease from the presumptive amount of child support." OCGA § 19-6-15 (a) (10). Contrary to Wife's

assertions, the trial court ordered only one deviation, a $75 deviation for Husband's visitation-related travel expenses. Wife is correct, however, that the trial court failed to support the deviation with findings required under OCGA § 19-6-15.

OCGA § 19-6-15 (i) lists 11 "specific deviations" a trial court may order, including a deviation for visitation-related travel expenses. See OCGA § 19-6-15 (i) (2) (F). Pursuant to OCGA § 19-6-15 (i) (1) (B), if a trial court concludes that a deviation is warranted, the court "shall make written findings . . . that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined." The trial court's order shall state the reasons for the deviation, the amount of child support that would have been required absent the deviation, and how "[a]pplication of the presumptive amount of child support would be unjust or inappropriate" and how the "best interest of the child . . . will be served by [the] deviation." Id. OCGA § 19-6-15 (c) (2) (E) includes a similar list of findings required to support a deviation in a final judgment or decree in a divorce case in which there are minor children. The written findings described in these sections are mandatory, and because the trial court did not include them, we must reverse in part and remand for entry of a final judgment and decree in compliance with OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). See *Brogdon v. Brogdon*, 290 Ga. 618 (5) (b) (723 SE2d 421) (2012); *Holloway v. Holloway*, 288 Ga. 147 (1) (702 SE2d 132) (2010).

(b) Wife asserts that the trial court provided for a deviation by failing to apply the correct conversion factor when it calculated Wife's work-related child care costs.

The trial court did not calculate Wife's work-related child care costs in connection with a "deviation." Rather, it did so in determining the presumptive amount of child support. See OCGA § 19-6-15 (b) (1)-(7). In completing its calculations, the trial court determined that Wife incurred $158 per week in work-related child care expenses, and, applying a conversion factor of 4.3, concluded that her monthly child care expenses amounted to $679. Wife argues that the trial court erred by failing to apply a conversion factor of 4.35 as required by Uniform Superior Court Rule 24.2A. See Uniform Superior Court Rule 24.2A ("In all domestic cases in which a conversion of economic data from weekly to monthly must be made, a conversion factor of 4.35 weeks per month shall be used.").

While the trial court's use of an incorrect conversion factor did not result in a "deviation," Husband and Wife agree that applying a conversion factor of 4.3 resulted in a slight miscalculation of child support. We therefore reverse the decree in part and remand for application of the correct conversion factor. See *Edwards v. Edwards*,

260 Ga. 440 (396 SE2d 236) (1990) (reversing judgment for violating Uniform Superior Court Rule 24.7 by granting divorce but leaving claims unlitigated).

(c) Wife argues that the trial court ordered a "deviation" in Husband's favor based on the monthly premium he pays for the children's health insurance. As reflected in the child support worksheet and Schedule D, the trial court, as required by OCGA § 19-6-15 (b) (7), credited Husband with $32 per month for health insurance expenses actually paid by him in reaching the presumptive amount of child support. This required credit was not a "deviation," and the requirements for written findings in OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B) were inapplicable.

(d) Nor did the trial court order a deviation requiring written findings by ordering Husband and Wife to evenly divide their daughters' uninsured medical expenses. The child support guidelines provide that "the parents shall allocate the uninsured health care expenses which shall be based on the pro rata responsibility of the parents or as otherwise ordered by the court." OCGA § 19-6-15 (b) (10); see also OCGA § 19-6-15 (h) (3) (A). The trial court was not required to make written findings of fact to allocate uninsured healthcare expenses in a manner other than based on the pro rata responsibility of the parents, and we find no abuse of discretion in its allocation of such expenses in this case. See *Simmons v. Simmons,* 288 Ga. 670 (4) (706 SE2d 456) (2011) (trial court did not abuse discretion in requiring husband to pay all of child's uncovered medical expenses); *Galvin v. Galvin,* 288 Ga. 125 (4) (702 SE2d 155) (2010) (in child support modification proceeding, trial court did not abuse discretion in requiring husband to pay greater than pro rata share of uninsured healthcare expenses).

3. Wife contends that the trial court erred in assigning to her responsibility for a student loan.

Wife testified that after she moved to Georgia with Husband in 2004, she had difficulty finding a job in her field of mental health counseling so she decided to pursue a degree in nursing. She testified that she obtained a $20,000 student loan at that time and the proceeds of the loan were used for child care and household expenses. Wife's counsel advised the trial court that Wife claimed entitlement to 20 percent of Husband's military retirement but would waive her interest in the retirement if the trial court assigned responsibility for monthly payments on the student loan to Husband.[1] Instead, the

---

[1] The monthly student loan payment is $241. Wife's counsel estimated that "[i]f [Husband] were to retire today twenty percent [of his military retirement] would be $344" per month.

decree provides that Wife is entitled to 20 percent of Husband's military retirement but that she is responsible for her student loan debt.

Wife contends that the trial court abused its discretion in failing to order a non-specific deviation in child support based on her student loan debt. See OCGA § 19-6-15 (i) (3) (authorizing non-specific deviations). Since Wife never requested a deviation based on her student loan in the trial court, this argument is waived on appeal. See *Smith v. Laymon*, 279 Ga. 823, 824 (2) (620 SE2d 796) (2005). Wife also claims that the trial court erred by failing to consider her student loan as a marital debt. Wife does not cite any evidence indicating that the trial court failed to do so, and "this Court will presume that the trial court acted properly." (Citation omitted.) *Lucas v. Lucas*, 273 Ga. 240, 241 (2) (539 SE2d 807) (2000). The trial court was vested with broad discretion in determining how to divide the parties' marital assets, *Hammond v. Hammond*, 290 Ga. 518 (2) (722 SE2d 729) (2012), and it did not abuse its discretion here in failing to assign some or all of the responsibility for the loan to Husband. *Dupree v. Dupree*, 287 Ga. 319 (3) (695 SE2d 628) (2010) (trial court did not abuse discretion by manner in which it divided responsibility for loan); *Vereen v. Vereen*, 284 Ga. 755 (3) (670 SE2d 402) (2008) (trial court did not abuse discretion in requiring husband to pay tax debt).

4. Finally, Wife argues that the trial court erred in adopting a parenting plan that failed to comply with OCGA § 19-9-1.

OCGA § 19-9-1 (a) provides that "[t]he final decree in any legal action involving the custody of a child . . . shall incorporate a permanent parenting plan." OCGA § 19-9-1 (b) (2) further states:

> Unless otherwise ordered by the judge, or agreed upon by the parties, a parenting plan shall include, but not be limited to: (A) Where and when a child will be in each parent's physical care, designating where the child will spend each day of the year [and] (B) How holidays, birthdays, vacations, school breaks, and other special occasions will be spent with each parent including the time of day that each event will begin and end[.]

Wife argues the trial court's parenting plan is deficient under OCGA § 19-9-1 (b) (2) (A) because it does not designate when Husband's weekend visitation begins and ends. While the statute appears to vest a trial court with discretion to depart from the requirements of OCGA § 19-9-1 (b) (2) (A), we find no basis for concluding that the trial court deliberately left the parties uncertain as to the day and time weekend visitation would start and conclude or intended that

they decide these matters on their own. We therefore reverse the trial court's order to the extent it incorporates the incomplete weekend visitation provisions of the parenting plan and remand to the trial court to supply the day and time weekend visitation begins and ends.

We reject Wife's contention that the parenting plan fails to comply with OCGA § 19-9-1 (b) (2) (B) because it does not designate how the children will spend Thanksgiving, spring break or other holidays. In fact, the parenting plan provides for the day-to-day schedule to apply for Thanksgiving and spring vacation and states that the parties will alternate federal holidays. Finally, we find no merit in Wife's unsupported assertion that the trial court failed to find that its parenting plan is in the best interest of the children.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Garnett Harrison,* for appellant.
*William R. Ashe,* for appellee.