## S13A1217. STRUNK v. STRUNK.
(749 SE2d 701)

HUNSTEIN, Justice.

Monica P. Strunk and Martin B. Strunk were married in 1996 and had three children before divorcing in 2008. The husband sought a downward modification of child support in 2009, which the trial court granted in November 2012. In this direct appeal, the wife challenges five of the trial court's rulings related to child support. We uphold the trial court's decision granting the downward modification, with the exception of the grant of a $200 travel deviation to the husband, but reverse the part of the order specifying how the husband was to satisfy the $96,000 he owed in back child support. Accordingly, we affirm in part and reverse in part.

Following a bench trial in the initial divorce action, the trial court entered a final judgment on September 12, 2008, awarding the wife custody of the three children. In its order, the trial court imputed an annual income of $75,000 to the husband and determined that the husband earned 80 percent of the couple's combined income. The husband was ordered to pay $2,001.60 per month in child support and $400 per month in permanent alimony for three years. After the husband failed to make child support or alimony payments, he was incarcerated for five months in 2009.

The husband filed this modification action in May 2009 seeking a downward modification of child support, modification of visitation, and gradual change in custody. After the wife garnished his wages in the fall of 2011, the husband amended his complaint and asked the trial court to also release him from the continuing garnishment for support. In October 2012, at the time of the hearing, the husband had remarried, had a new baby and three stepchildren, and was employed as a mortgage loan processor in Florida for an annual base salary of $48,000. The parties consented at the hearing to a total arrearage of $96,000 in child support, a withdrawal of the husband's contempt action regarding personal property, and joint legal custody of the children with the wife designated as the primary physical custodian.

In its November 2012 order,[1] the trial court found that the husband's new employment and the economic realities of the mortgage industry constituted a material change of circumstances and granted his request for a downward modification of child support. The trial court determined the husband had an imputed income of $52,500 and that his voluntary reduction of his base salary to $48,000 for the chance of advancement was not reasonable, granted a travel deviation of $200 per month instead of the requested $700, ordered the husband to provide health insurance for the children and receive a child support credit of $300 per month, and reduced the husband's monthly adjusted income because he had one biological child living in his household. Based on these findings, the husband was required to pay monthly child support of $794 beginning in December 2012. Concerning the $96,000 arrearage in child support, the trial court ordered the husband to pay $250 per month until the child support obligation ended and then $1,000 per month until the arrearage was paid in full. The wife appeals these rulings under OCGA § 5-6-34 (a) (11).

1. The wife initially challenges as clearly erroneous the trial court's determination that there has been a substantial change in the husband's income and financial status since the divorce.

Our domestic relations statutes provide that a spouse may seek to modify the award of alimony or child support based on a change in either spouse's income and financial status or in the needs of the child. See OCGA §§ 19-6-19 (a), 19-6-15 (k) (1). We review the trial court's decision in a modification action for abuse of discretion, see *Marsh v. Marsh*, 243 Ga. 742 (256 SE2d 442) (1979), and "will not set aside the trial court's factual findings unless they are clearly erroneous." *Eldridge v. Eldridge*, 291 Ga. 762 (1) (732 SE2d 411) (2012) (citation and punctuation omitted). In its order, the trial court found that the husband was employed in the mortgage industry; the industry has been unstable, downsizing, and affected by the recession; and the husband had made minimal efforts until recently to gain employment. The trial court further found that the husband's income and financial status have now become stable and it was reasonable for the husband to have accepted a job in Florida given the changes and uncertainty in the mortgage industry, but it was unreasonable for the husband to have changed employers and voluntarily accepted a lower base salary in exchange for the chance of advancement. Therefore, the trial court imputed an income of $52,500 to the

---

[1] The husband also filed a motion for contempt, and the two actions were consolidated for trial. The issues raised in the contempt motion are not part of this appeal.

husband. Because these factual findings are supported by the evidence, the trial court did not abuse its discretion in granting the husband's petition for a downward modification of child support. See *Facey v. Facey*, 281 Ga. 367 (4) (638 SE2d 273) (2006).

2. The wife next contends that the trial court abused its discretion by failing to make the required factual findings in granting the husband a $200 deviation for travel. Under the child support statute, the trial court must "enter a written order specifying the basis for the modification, if any, and shall include all of the information set forth in paragraph (2) of subsection (c) of this Code section." OCGA § 19-6-15 (k) (4). Subsection (c) (2) requires written findings of fact that a deviation applies and the reasons for the deviation, the amount of child support that would have been required if the deviation were not granted, how the application of the child support guidelines "would be unjust or inappropriate considering the relative ability of each parent to provide support," and how the deviation serves the best interest of the child. Id. at (c) (2) (E) (iii). In this case, the trial court's order states the reasons why the trial court rejected the husband's request for a $700 travel deviation per month, but fails to state why it departed from the presumptive child support amount to award the husband any travel deviation. Because the trial court failed to make all of the necessary findings of fact required by the statute, we reverse the judgment related to this issue and remand for the trial court to redetermine the child support award and support any travel deviation with the mandatory written findings. See *Eldridge v. Eldridge*, 291 Ga. at 764; *Brogdon v. Brogdon*, 290 Ga. 618 (5)(b) (723 SE2d 421) (2012).

3. The wife alleges it was clear error for the trial court to reduce the child support award by allowing a credit of $300 per month for health insurance. OCGA § 19-6-15 (c) (2) (D) provides that the trial court may order that a child be covered under health insurance if the insurance "is reasonably available at a reasonable cost" to the parent. The husband testified that he was paying for health insurance for his children through COBRA, and it would cost approximately $700 a month for a family plan or $100 per child once he was on his employer's company policy. The trial court did not abuse its discretion in requiring the husband to provide health insurance for the children and giving him a $300 credit for it. See *Simmons v. Simmons*, 288 Ga. 670 (4) (706 SE2d 456) (2011).

4. The wife challenges the trial court's decision to grant the husband a credit as a result of the newborn living in his home, which resulted in a downward adjustment to the husband's monthly gross income, on the grounds that he failed to present documentary evidence of the parent-child relationship. See OCGA § 19-6-15 (f) (5) (C).

At the hearing, the wife offered into evidence the husband's domestic relations financial affidavit, which listed the new child as living with him. Consistent with the affidavit, the husband testified without objection on direct examination that he lived with his new wife and their newborn child, as well as three of her children from a previous marriage. On cross-examination, the wife's attorney acknowledged the husband's parent-child relationship with the newborn by asking him, for example, if he would be with his "new wife and infant" when the parties' children came to visit him. The wife never objected or argued at the hearing that the husband had failed to present proper documentary evidence of his parent-child relationship with the newborn. Based on the evidence presented, the trial court did not abuse its discretion in granting a downward adjustment to the husband's gross income due to the newborn child living in his home.

5. Finally, the wife contends that the trial court erred as a matter of law in specifying the way the husband was to satisfy the arrearage in back child support and in failing to include in its order the required language on garnishment under OCGA § 19-6-30 (a). On motion for reconsideration, the wife clarifies that she is challenging the trial court's authority in a modification action to fix the time and manner of back child support payments.

A husband or wife has a variety of remedies available for enforcing and collecting a child support order. See *Dept. of Human Resources v. Chambers*, 211 Ga. App. 763 (2) (441 SE2d 77) (1994). " 'The remedies of action for contempt, execution by writ of fi. fa., garnishment, URESA [Uniform Reciprocal Enforcement of Support Act], and an action to set aside fraudulent conveyances are available to the complaining spouse, either singly or concurrently.' " *Brookins v. Brookins*, 257 Ga. 205, 207 (2) (357 SE2d 77) (1987) (citations omitted); *Herring v. Herring*, 138 Ga. App. 145 (2) (225 SE2d 697) (1976) (wife may pursue garnishment and contempt actions simultaneously to collect payments owed under divorce judgment). The complaining spouse is not required to make an election of remedies, see *Lipton v. Lipton*, 211 Ga. 442 (1) (86 SE2d 299) (1955), and a trial court may not limit the remedies available to collect or enforce a child support order. See *Hill v. Hill*, 219 Ga. App. 247 (464 SE2d 656) (1995); *Chambers*, 211 Ga. App. at 766. In addition, a trial court may not order the postponement of payment of the child support until the child reaches the age of 18. Id. "[M]inor children are entitled to support during their minority." *Conley v. Conley*, 259 Ga. 68, 70 (5) (377 SE2d 663) (1989) (citation and punctuation omitted).

In this modification action, we conclude that the trial court exceeded its authority in addressing how the husband was to satisfy the child support arrearage. The husband relies on case law related

to contempt actions to support the trial court's order, and the wife concedes that it would have been appropriate for the trial court to determine the timing and manner of the payment of the arrearage had the issue been raised in a contempt action that she brought. See *Robertson v. Robertson*, 266 Ga. 516 (1) (467 SE2d 556) (1996); *Floyd v. Floyd*, 247 Ga. 551 (1) (277 SE2d 658) (1981); *Deese v. Deese*, 230 Ga. 105 (196 SE2d 16) (1973). We have been unable, however, to find any case stating that a trial court has the authority in a modification action unrelated to a contempt action to determine the amount of any arrearage and how it will be satisfied. In a case that is physical precedent only, the Court of Appeals stated that the trial court calculates in a contempt action the past-due child support and "does not determine in a modification petition whether and how much the petitioner is in arrears on his child support payments." See *Morgan v. Bunzendahl*, 316 Ga. App. 338, 340 (2) (729 SE2d 476) (2012) (physical precedent only). Morever, the trial court's order in this case had the effect of releasing the husband from the continuing garnishment then in existence and limiting any future garnishment action to the terms of the modification order entered here. By curtailing the wife's remedies for seeking to collect the arrearage, the trial court violated her right to choose what action to pursue to collect the child support arrearage. See *Hill*, 219 Ga. App. at 248; *Chambers*, 211 Ga. App. at 766. Finally, contrary to the general rule that children are entitled to financial support during their minority, the trial court's order on arrearage payments limits the amount that the husband was required to pay while the children were minors living at home and postponed payment of the bulk of the arrearage until the children reached the age of 18. Because the trial court erred in addressing the arrearage payments in this modification action, limiting the wife's remedies, and postponing much of the payments until the children were 18, we reverse the portion of its order setting out a payment schedule for the arrearage.

As for the trial court's exclusion of the mandatory garnishment provision,[2] we construe the statutory requirement as ensuring that the parties receive notice of their right to enforce a child support order. The omission of the provision does not affect the wife's substantive right to seek continuing garnishment, and she can continue

---

[2] OCGA § 19-6-30 (a) requires every child support order, including modification orders, to contain the following provision:

Whenever, in violation of the terms of this order there shall have been a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support.

to garnish the husband's wages as a remedy to collect back child support. See *Karsman v. Portman*, 170 Ga. App. 194 (2) (316 SE2d 819) (1984) (a child support order is a money judgment that may be enforced by garnishment); OCGA § 19-6-17 (e) (any payment or installment under a child support order is a judgment that may be enforced). Nevertheless, because we are requiring the trial court to enter a new child support order, we direct the trial court on remand to add the garnishment provision to its judgment. See *Walker v. Walker*, 248 Ga. App. 177 (11) (546 SE2d 315) (2001).

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*Mozley, Finlayson & Loggins, Rosemary S. Armstrong*, for appellant.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis*, for appellee.